LOIS MARSHALL, ADMINISTRATRIX, ETC.

V.

ANDREW J. WINSTON, SHERIFF, ET AL.

Record No. 890438

March 2, 1990

Present: Carrico, C.J., Compton, Stephenson, Russell, Whiting, and Hassell, JJ., and Gordon, Retired Justice

*Gerald T. Zerkin (Karen Ely-Pierce; Frank M. Feibelman*, on briefs), for appellant.

*Michael P. Falzone (Charles F. Witthoefft; Paul A. Simpson; Kathleen S. Mehfoud; Hirschler, Fleischer, Weinberg, Cox & Allen; Hazel, Thomas, Fiske, Beckhorn & Hanes*, on brief), for appellees.

JUSTICE STEPHENSON delivered the opinion of the Court.

In this wrongful death case, we determine whether, under facts alleged in an amended motion for judgment, a sheriff and a jailer owed a special duty of care to protect a member of the general public from harm by a third person.

Lois Marshall, as administratrix of the estate of her husband, Jack E. Marshall, brought an action against Andrew J. Winston, Sheriff of the City of Richmond, and against Gregory J.

Troublefield, Chief Jailer of the City's jail, for the wrongful death of her husband. Jack Marshall was murdered by Marvin Mundy at a time when Mundy was supposed to have been incarcerated in the City jail. Plaintiff alleges that Winston and Troublefield negligently released Mundy from jail prior to the expiration of his sentence.

Winston and Troublefield filed demurrers which were sustained by the trial court. The court concluded that the allegations were insufficient to show that the defendants owed a special duty to the decedent that would subject them to liability. The administratrix appeals from the judgment in favor of the defendants.

The facts alleged in the amended motion for judgment, deemed to be true for the purpose of a demurrer, are as follows. On or about February 24, 1987, Mundy was sentenced to six months in jail by the General District Court of the City of Richmond for possession of a concealed semi-automatic pistol. He was committed to the custody of Winston and Troublefield.

At the time of his arrest, Mundy was wearing a bullet proof vest, was in possession of a clip containing 50 rounds of ammunition, and indicated to an arresting officer that he could kill the officer because he already had killed another. Before the judge imposed the sentence, he expressed concern, based in part upon Mundy's prior record, that Mundy might kill himself or a member of the public. On March 4, 1987, Mundy mistakenly was released from jail by the defendants.

On March 13, 1987, Mundy again was arrested on a charge unrelated to the earlier weapon charge and was placed in the custody of Winston and Troublefield. Five hours later, Mundy again was released from jail by the defendants.

On April 8, 1987, while illegally out of confinement, Mundy robbed and murdered the plaintiff's decedent. At the time, the plaintiff's decedent was a night auditor at a hotel with responsibility over and access to the hotel's money.

The amended motion for judgment contains two counts. In the first, a negligence count, the plaintiff claims that the defendants, in violation of their mandated ministerial duties, were negligent in prematurely releasing Mundy from their custody and, as a proximate consequence, plaintiff's decedent was killed by Mundy. In the second count, plaintiff claims that the defendants violated her decedent's rights under 42 U.S.C. § 1983 and under the fourteenth amendment of the Constitution of the United States.

■ Negligence is not actionable unless there is a legal duty, a violation of the duty, and consequent damage. *Fox* v. *Custis*, 236 Va. 69, 73-74, 372 S.E.2d 373, 375 (1988). Thus, the threshold question is whether a duty of care exists on the part of a defendant to a plaintiff. *Id.* at 74, 372 S.E.2d at 375.

■ Generally, a person owes no duty to control the conduct of third persons in order to prevent harm to another. *Id.*; *Klingbeil Management Group Co.* v. *Vito*, 233 Va. 445, 447-48, 357 S.E.2d 200, 201 (1987); *Gulf Reston, Inc.* v. *Rogers*, 215 Va. 155, 158, 207 S.E.2d 841, 844 (1974). *See also Wright* v. *Webb*, 234 Va. 527, 530, 362 S.E.2d 919, 920-21 (1987). This is especially the case when the third person commits acts of assaultive criminal behavior because such conduct cannot reasonably be foreseen. *Wright*, 234 Va. at 531, 362 S.E.2d at 921; *Gulf Reston*, 215 Va. at 158-59, 207 S.E.2d at 844-45; *Connell* v. *Chesapeake, &c. R. Co.*, 93 Va. 44, 58, 24 S.E. 467, 469 (1896).

The general rule applies unless "(a) a special relation exists between the actor and the third person which imposes a duty upon the actor to control the third person's conduct, or (b) a special relation exists between the actor and the other which gives to the other a right to protection." Restatement (Second) of Torts § 315 (1965). *Accord Fox*, 236 Va. at 74, 372 S.E.2d at 375; *Klingbeil*, 233 Va. at 447-48, 357 S.E.2d at 201.

■ Restatement § 319 details the § 315(a) special relationship that applies in this case. Section 319 provides that "[o]ne who takes charge of a third person whom he knows or should know to be likely to cause bodily harm to others if not controlled is under a duty to exercise reasonable care to control the third person to prevent him from doing such harm." *Accord Fox*, 236 Va. at 75, 372 S.E.2d at 376.

In its memorandum opinion, the trial court rejected, on two grounds, the plaintiff's contention that a "special relation" exception applies. First, the court concluded that the plaintiff failed to allege that the "defendants 'knew or should have known' that Mundy was likely to cause bodily harm to others if not controlled." The trial court summarized its conclusion as follows:

> Plaintiff's reference to the district court judge's comments from the bench, how Mundy was dressed in a bullet-proof vest when he was arrested, statements allegedly made by Mundy to the arresting officer and the type of weapon con-

cealed by Mundy—all these facts, as troubling as they are—do not establish that Winston or Troublefield knew or should have known these facts and that Mundy was, therefore, likely to cause harm to others if not controlled, an essential element required to plead and prove plaintiff's claim. Indeed, the [amended] motion for judgment pleads the aforementioned facts and circumstances but does not plead that either Winston or Troublefield knew or should have known about Mundy's weapon, his comments, or apparel or that either knew or should have known that the judge made certain comments about Mundy being a threat to the public.

We agree with the trial court's conclusion.

■ The amended motion for judgment does not allege facts from which a person reasonably could infer that either Winston or Troublefield knew or should have known that Mundy would likely cause bodily harm to others if he were not controlled. Thus, the plaintiff failed to allege a special relationship under Restatement § 315(a) between the defendants and Mundy. Absent such a special relationship, there was no legal duty on either Winston or Troublefield to control Mundy and to prevent him from harming the decedent.

Second, the trial court concluded that the plaintiff failed to allege that "some specific harm could be anticipated to [an identifiable] individual or class of individuals." Again we agree.

■ "[T]here is no such thing as negligence in the abstract, or in general. . . . Negligence must be in relation to some person." *Kent* v. *Miller*, 167 Va. 422, 425-26, 189 S.E. 332, 334 (1937); *see generally Prosser and Keeton on The Law of Torts* § 53 (5th ed. 1984). Thus, in negligence claims against a public official, a distinction must be drawn between a public duty owed by the official to the citizenry at large and a special duty owed to a specific identifiable person or class of persons. *Orzechowski* v. *State*, 485 A.2d 545, 548 (R.I. 1984). Only a violation of the latter duty will give rise to civil liability of the official. *Id.* To hold a public official civilly liable for violating a duty owed to the public at large would subject the official to potential liability for every action he undertook and would not be in society's best interest. *Id.* at 549-50. *Accord Donahoo* v. *State*, 479 So.2d 1188, 1190-91 (Ala. 1985); *Thompson* v. *County of Alameda*, 27 Cal.3d 741, 758, 167 Cal.

Rptr. 70, 80, 614 P.2d 728, 738 (1980); *see also Williams* v. *State*, 308 N.Y. 548, 556-57, 127 N.E.2d 545, 549-50 (1955).

■ In the present case, the plaintiff failed to allege facts which, if proved, would establish that the decedent was an identifiable person, or a member of an identifiable class of persons, to whom the defendants owed a duty distinguishable from the duty they owed to the citizenry at large. Decedent's employment as a night auditor did not make him "identifiable" so as to give rise to a special duty; the decedent simply was a member of the general public. Absent the existence of such a special duty, Restatement § 315(b) does not impose liability upon the defendants. *Accord Fox*, 236 Va. at 74-75, 372 S.E.2d at 376.

■ This brings us to the claim the plaintiff asserts in the second count of the motion for judgment, *i.e.*, that Winston and Troublefield violated the decedent's substantive due process rights. As previously discussed, no special relationship existed that would create a common law duty on the defendants to protect the decedent from Mundy's criminal acts. Similarly, without a special relationship between the defendants and the decedent, no constitutional duty can arise under the Due Process Clause as codified by 42 U.S.C. § 1983. Therefore, plaintiff's due process claim also must fail. *DeShaney* v. *Winnebago County Dep't of Social Serv.*, 489 U.S. \_\_\_\_, 109 S.Ct. 998, 1006-07 (1989); *accord Piechowicz* v. *U.S.*, 885 F.2d 1207, 1214 (4th Cir. 1989); *Janan* v. *Trammell*, 785 F.2d 557, 560 (6th Cir. 1986); *Fox* v. *Custis*, 712 F.2d 84, 88 (4th Cir. 1983); *Bowers* v. *DeVito*, 686 F.2d 616, 618 (7th Cir. 1982).

We conclude, therefore, that the trial court correctly sustained the demurrers and dismissed the actions against Winston and Troublefield. Accordingly, the trial court's judgment will be affirmed.

*Affirmed.*