## CIRCUIT COURT OF FAIRFAX COUNTY

Nicholas E. Mpras et al.

v.

Community Living Alternatives et al.

December 2, 1994

Case No. (Law) 123573

BY JUDGE STANLEY P. KLEIN

This case is before the Court on the Demurrer, Special Plea of Sovereign Immunity, and Motion to Dismiss filed by the Defendants Commonwealth of Virginia and Virginia Department of Mental Health Mental Retardation and Substance Abuse Services. After oral argument, the Court took these matters under advisement and invited counsel for the Plaintiff to submit additional evidence, if appropriate, in opposition to the Plea in Bar. Plaintiffs' counsel submitted a "chronology of events" which has been received as Plaintiffs' Exhibit 2 and certain regulations which have been received as Plaintiffs' Exhibit 3. After consideration of the pleadings, the oral and written arguments of counsel and Plaintiffs' Exhibits 1, 2, and 3, the Plea in Bar and Demurrer are sustained, and this matter is dismissed as to these Defendants.

In their four count Amended Motion for Judgment,[1] Plaintiffs have sued these Defendants, among others, based upon alleged tortious acts of residents of a residential home for retarded individuals during the period between February 4, 1991, and October, 1991. These Defendants claim, *inter alia*, that the claims are barred by (1) sovereign immunity, (2) failure to comply with the dictates of § 8.01-195.6 of the Virginia Code, (3) the

---

[1] Count I: Negligence; Count II: Gross Negligence; Count III: Failure to Supervise; Count IV: Nuisance.

applicable statute of limitations, and (4) the lack of a legal duty owed by these Defendants to these Plaintiffs.[2] The Court will address each of these issues.

## I. *Sovereign Immunity As To Defendant the Department*

The doctrine of sovereign immunity is firmly rooted in the law of the Commonwealth. *Messina v. Burden*, 228 Va. 301 (1984). Absent constitutional or statutory provisions providing otherwise, the Commonwealth is immune from liability for the tortious acts of its servants, agents, and employees. *Eriksen v. Anderson*, 195 Va. 655 (1954). Assuming, without deciding, that the Department is an entity that may be sued, the doctrine of sovereign immunity bars the Plaintiffs' claims against it. *See, Maia v. Eastern Hospital*, 97 Va. 507 (1899). A state agency would surely enjoy no less immunity than high level government officials, and these officials have generally enjoyed absolute immunity. *See, Messina* at 309.

In 1982, the General Assembly statutorily created a partial exception to the doctrine of sovereign immunity when it enacted the Virginia Tort Claims Act, Virginia Code § 8.01-195.1 *et seq*. (The Act). The Act, however, authorized suits to be brought against the Commonwealth and transportation districts, not against agencies of the Commonwealth. Virginia Code § 8.01-195.3 and § 8.01-195.4. Consequently, even if the Agency is *sui juris*, the Act does not abrogate the doctrine of sovereign immunity in a claim against a state agency. The Plea in Bar of sovereign immunity must be sustained as to the claim against The Agency.

## II. *Sovereign Immunity As To the State*

Section 8.01-195.6 of the Code sets forth the requirements for giving notice of a claim under The Act. A statement setting forth "the nature of the claim, which includes the time and place at which the injury is alleged to have occurred and the agency or agencies alleged to be liable" must be *filed* with the Director of Risk Management or the Attorney General within one year after the accrual of the cause of action, if the claim is against the State.

On January 31, 1992, Plaintiffs forwarded a letter entitled Notice of Claim[3] to the Attorney General, who received it on February 4, 1992.

---

[2] As a result of the rulings set out herein, the Court need not rule on the other issues raised by these Defendants.

[3] Exhibit Number 1: Appended to Plaintiffs' Opposition to Motion to Dismiss.

While listing the agencies alleged to be liable, the purported notice contains only the following statement as to the nature of the various Plaintiffs' claims:

> These injuries are the result of activities, including, but not limited to, assault and battery, by residents of a group home for the mentally retarded/emotionally disturbed located until recently at 7703 Arlen Street in Annandale, Virginia. The group home was occupied by the residents in February, 1991, and vacated in October, 1991.

In *Town of Crewe v. Marler*, 228 Va. 109 (1984), our Supreme Court ruled on the sufficiency of a notice to make a claim against a city or town. The requirements of this notice under § 8.01-222 of the Code are virtually identical to the requirements of the notice under The Act. In *Marler*, the town claimed the notice was deficient only because the actual location of the tortious act was not set forth. While acknowledging that the town indeed had *actual* notice of the place of the injury within the time frame for the filing of the notice, the Supreme Court nonetheless held that the claim was barred. The Court declined to "place any limitation on the clear and comprehensive language of the statute, or to create an exception where none exists under the guise of statutory construction . . . ." *Id.* at 114.

The January 31, 1992, notice forwarded by the Plaintiffs herein clearly fails to state at a minimum, either the time or place where injuries occurred. At the hearing on these pending motions, counsel for the Plaintiffs alleged that an additional "notice" had been forwarded to the State. The Court granted counsel leave to present evidence in support of that allegation before ruling on the merits of the motions. Counsel subsequently forwarded to the Court Exhibit 2 titled "Chronology of events at 7705 Arlen Street, Annandale, Virginia 22003." Although no cover letter was presented to the Court by counsel setting forth the date or place that this chronology was filed, the Attorney General acknowledges in his brief that the Division of Risk Management had received the chronology on August 19, 1992, as a Supplemental Notice of Claim dated August 12, 1992. Even if this Court were to decide that Exhibits 1 and 2 could be considered as one Notice properly received on August 19, 1992, and that the particulars of the alleged tortious acts set out in Exhibit 2 were sufficient to satisfy the *Marler* test, Plaintiffs' claims would nonetheless be barred. Pursuant to § 8.01-195.7 of the Code, the notice of claim must be properly filed

within one year of the accrual of the cause of action, or the claim will be forever barred. A review of Exhibit 2 belies any possible claim of tortious conduct occurring within this statute of limitation, as all acts which are even arguably actionable occurred more than one year prior to August 19, 1992.

Therefore, the Plaintiffs' claims against both the State and the Department are barred for failure to comply with the requirements of The Act.

### III. *Demurrer: Whether These Defendants Owed a Cognizable Duty of Care to These Plaintiffs*

In Count III of the Amended Motion for Judgment, Plaintiffs claimed damages from the Department and the State based upon an alleged breach of their duty:

> to use reasonable care in licensing, regulating, and otherwise supervising the activities of Community Living Alternatives and its agents, employees, and contractors with regard to the residents at 7703 Arlen Street so as to protect the Plaintiffs and the community from foreseeable harm and criminal conduct.

Such a duty from these Defendants to these Plaintiffs does not exist under settled Virginia law.

In general, no person owes a duty to control the actions of a third party, *Fox v. Custis*, 236 Va. 69, 74-77 (1988); *Klingbeil Management Group Co. v. Vito*, 233 Va. 445, 447-48 (1987); *Gulf Reston, Inc. v. Rogers*, 215 Va. 155, 158 (1974). An exception arises where "(a) a special relation exists between the actor and the third person which imposes a duty upon the actor to control the third person's conduct, or (b) a special relationship exists between the actor and the other which gives to the other a right to protection." Restatement (Second) of Torts, § 315 (1965).

In *Marshall v. Winston*, 239 Va. 315 (1990), the Supreme Court adopted the "public duty" doctrine, thereby limiting the instances in which the Restatement exception can apply. Pursuant to the public duty doctrine, a distinction must be drawn between the duty owed by a public official to the citizenry at large and a special duty that may be owed to a "specific identifiable person or class of persons." *Id.* at 319. Only a breach of duty to the latter will be actionable. *Id.* In *Marshall*, the Supreme Court held that a citizen had no cognizable claim against a sheriff who mistakenly released an inmate who injured the Plaintiff. Citing cases from other jurisdictions, the Court decided that holding public officials liable for vio-

lating a duty owed to the general public would potentially subject such officials to numerous claims and would be contrary to society's best interest. *Id.* at 319 (citations omitted).

Here, Plaintiffs cannot and do not attempt to distinguish themselves from the "community." Even if they were able to establish that these Defendants had a duty to regulate the activities at the group home on Arlen Street,[4] the public duty doctrine precludes them from advancing their claims against these Defendants. Therefore, the amended Motion for Judgment fails to state a claim against these Defendants, and the demurrer is sustained.

### IV. *Count IV: Nuisance*

In Count IV Plaintiffs allege damages based upon a theory of nuisance. Citing *Taylor v. City of Charlottesville*, 240 Va. 367 (1990), they claim that sovereign immunity does not apply to a claim sounding in nuisance. Plaintiffs misread *Taylor*. The claim in *Taylor* was against the City of Charlottesville, a *municipality*. In reversing the trial court's dismissal of the claim therein, the Supreme Court distinguished that case from its holding in *Kellam v. School Board*, 202 Va. 252 (1960), wherein it specifically held that governmental immunity did apply to a claim for nuisance against a state agent. *Id.* at 258. The claims against these Defendants in Count IV are barred by sovereign immunity.

### V. *Conclusion*

For the reasons set out in this opinion, the Pleas in Bar based on sovereign immunity as well as the demurrer of Defendants Commonwealth of Virginia and Virginia Department of Mental Health, Mental Retardation and Substance Abuse Services are sustained, and all counts of this action are dismissed with prejudice as to these Defendants.

---

[4] This Court does not rule or imply that such a duty exists. Exhibit 3 does not establish such a duty.