Roy H. BURCHER, Jr., et al., Plaintiffs,

v.

James C. McCAULEY, et al., Defendants.

Civ. A. No. 3:94CV32B.

United States District Court,
E.D. Virginia,
Richmond Division.

Dec. 21, 1994.

Douglas Early Ballard, Virginia Beach, VA, for plaintiffs.

Barbara Joan Gaden, Office of Atty. Gen., Richmond, VA, for defendants.

George H. Themides, pro se.

Katherine K. Themides, pro se.

L. Thomas Knight, pro se.

George Cook, pro se.

Joseph L.R. Pinnard, pro se.

Odelle Ottofaro, pro se.

Mary F. Worley, pro se.

Gloria Knight, pro se.

## MEMORANDUM

MERHIGE, District Judge.

This matter is before the Court on defendants' motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. Plaintiffs in this action are Roy H. Burcher, Jr. and Alfred W. Hauser, as well as thirty-three other individuals and "all those similarly situated." Plaintiffs were originally acting *pro se*, but most are now represented by counsel.

Defendants are the following individuals: Virginia Supreme Court Justices Harry L. Carrico, A. Christian Compton, Roscoe B. Stephenson, Jr., Henry H. Whiting, Elizabeth B. Lacy, Leroy Rountree Hassell, Barbara Milano Keenan; Michael Rigsby; Eugene L. Reagan, James C. McCauley; as well as "other unknown conspirator(s)." [1]

Plaintiffs' Amended Complaint alleges claims against defendants under 42 U.S.C. §§ 1983, 1985, 1986, and 1988, the Racketeer Influenced and Corrupt Organizations Act

("RICO"), 18 U.S.C. §§ 1962 and 1964, and the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. This Court has federal question jurisdiction over plaintiffs' claims.

### Background

In essence, plaintiffs assert that their constitutional rights were violated by the conduct of the heretofore named defendant "state actors." Specifically, plaintiffs complain of the defendants' alleged conduct relating to the fraudulent activities of one David M. Murray. While an attorney in Virginia, Murray defrauded clients, including plaintiffs, of millions of dollars and then committed suicide in February, 1992. Plaintiffs' allegations all center around the assertion that defendants failed to protect them from Murray's fraudulent scheme.

Plaintiffs claim that defendants "fail[ed] to protect the public from the fraudulent activities of David M. Murray," and that the Justices, "having knowledge of the wrongs conspired to be done ... or wrongs about to be committed, and having the power to prevent or aid in preventing the same, neglected or refused to do that which [they] by reasonable diligence could have prevented." Amended Complaint ¶¶ 11.0, 11.4. According to plaintiffs, the Justices should have better regulated the practice of law in Virginia and should have sanctioned Murray for his behavior.

The complaint also alleges that the State Bar defendants "personally participated in or directed the alleged violations of plaintiffs' rights and that [their] specific conduct was the direct or proximate cause of plaintiffs' injury." Amended Complaint ¶ 11.11. Plaintiffs appear to claim that the State Bar defendants should have prosecuted disciplinary violations against Murray and that they violated plaintiffs' rights by denying or reducing claims made by plaintiffs against the Client Protection Fund to redress their losses at the hands of Murray. Plaintiffs seek compensatory and punitive damages and have also requested various forms of declaratory

---

1. Defendants Rigsby, Reagan, and McCauley are individuals employed by the Virginia State Bar. They are herein referred to as "the State Bar defendants." Plaintiffs also named the Virginia State Bar as a defendant in this action; however, the Court dismissed the Virginia State Bar from the suit on defendants motion, holding that the State Bar was immune from such a suit under the Eleventh Amendment.

and injunctive relief relating generally to the administration of the practice of law in Virginia.

Defendants previously moved to dismiss this action as to all defendants. The Court granted the motion as to the State Bar and took the motion under advisement as to all other defendants. On November 21, 1994, the remaining defendants filed the a motion for summary judgment. The Court subsequently entered an Order granting plaintiffs fifteen (15) days from the date of the Order, November 22, 1994, to respond to the motion for summary judgment, yet plaintiffs failed to respond. The Court, having decided that the complaint is best disposed of on the pending motion to dismiss, does not address the motion for summary judgment.

## Discussion

Defendants assert that dismissal is appropriate on a number of grounds. First, they claim that all parties are immune from suit in the circumstances alleged by plaintiffs. Defendants argue that the Virginia Supreme Court Justices are immune from suit under the doctrines of judicial and legislative immunity. *See Stump v. Sparkman,* 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); *Hirschkop v. Virginia State Bar,* 421 F.Supp. 1137 (E.D.Va.1976).

Defendants also raise the immunity issue in connection with the State Bar defendants. Defendants' position is that prosecutorial immunity and qualified official immunity shield these individuals from liability for failure to pursue disciplinary actions against Murray. *See Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); *Williams v. Garrett,* 722 F.Supp. 254 (W.D.Va.1989). Defendants also claim that the named State Bar officials are absolutely immune from liability for granting, denying, reducing, or otherwise adjudicating claims to the Client Protection Fund because such actions are quasi-judicial acts under *Butz v. Economou,* 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978).

In their second ground for attack, defendants claim that all defendants are entitled to immunity under the Eleventh Amendment. It is defendants' contention that plaintiffs' suit against these individually named defendants is, in reality, a suit against the state, and, as such, is clearly barred by the immunity afforded states and state agencies by the Eleventh Amendment. *See Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984); *Alabama v. Pugh,* 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978).

Defendants next raise the statute of limitations. They assert that all acts from which this suit arises had to have occurred prior to Murray's death in February of 1992. Defendants urge that because a two-year statute of limitations applies to civil rights actions arising in Virginia, plaintiffs' claim for monetary recovery, which was filed on May 23, 1994, is barred by the statute of limitations. *See Williams v. Westbrook Psychiatric Hospital,* 420 F.Supp. 322 (E.D.Va.1976).

Defendants further argue for dismissal with the contention that plaintiffs have failed to state a cause of action under 42 U.S.C. § 1983 because public employees do not owe the plaintiffs a legal duty of care. In support, defendants raise the public duty doctrine, under which a government employee's liability in tort cannot be premised on any duty he owes to the public at large. *See Marshall v. Winston,* 239 Va. 315, 389 S.E.2d 902 (1990). It is defendants' position that plaintiffs attack defendants merely because they are government employees with responsibilities to administer and regulate the practice of law in Virginia and charge that defendants, in failing to perform these duties properly, breached a duty allegedly owed to the plaintiffs as members of the general public. Defendants contend that because these allegations would subject the officials to potential liability for every action they take, they present a classic case for the application of the public duty rule and fail to make out a claim under Section 1983.

Defendants also claim that plaintiffs have failed to make out a claim under the federal conspiracy statute, 42 U.S.C. § 1985 and RICO, 18 U.S.C. §§ 1961 *et seq.* Defendants urge that plaintiffs have not provided the factual showing of a common purpose among defendants which is required by Section 1985. *American Tobacco Co. v. United*

*States,* 328 U.S. 781, 66 S.Ct. 1125, 90 L.Ed. 1575 (1946); *Buschi v. Kirven,* 775 F.2d 1240, 1248 (4th Cir.1985).

Defendants also assert that plaintiffs have not alleged specific facts to support their RICO claim in that they cannot establish that defendants participated in any racketeering activities as prohibited by 18 U.S.C. § 1962, and they cannot show that the pattern of racketeering activity extended beyond the boundaries of Virginia into interstate commerce as required by the statute. 18 U.S.C. § 1962.

Finally, defendants argue that the claims raised by plaintiffs are without merit as they really seek to represent the interests of the general public. Defendants assert that plaintiffs cannot rest their claims to relief on the legal rights or interests of third parties. *United States Dept. of Labor v. Triplett,* 494 U.S. 715, 110 S.Ct. 1428, 108 L.Ed.2d 701 (1990)

■ Federal Rule of Procedure 12(b)(6) permits dismissal of a complaint for failure to state a claim upon which relief may be granted. In reviewing a motion to dismiss, a court must take as true facts set forth in the complaint. *Warth v. Seldin,* 422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). The motion should be granted only when it appears to a certainty that the plaintiff would not be entitled to relief under any set of facts which could be proven in support of his claim. *Islam v. Jackson,* 782 F.Supp. 1111, 1113 (E.D.Va.1992).

The Court is of the opinion that defendants' motion to dismiss is well taken and that all claims should be dismissed.

Plaintiffs have raised claims under 42 U.S.C. §§ 1983, 1985, 1986, and 1988, civil RICO, and FOIA. The Court will address each claim individually.[2]

■ As an initial matter, although defendants did not specifically raise the FOIA claim in their motion to dismiss, the Court determines that it lacks jurisdiction to hear the claim. Plaintiffs have alleged that they are entitled to relief for a violation of FOIA, 5 U.S.C. § 552. FOIA requires that agencies of the United States Government make certain information available to the public upon request. 5 U.S.C. § 552(a). The statute grants jurisdiction to a district court of the United States to enjoin an agency from wrongfully withholding records which have been requested. 5 U.S.C. § 552(a)(4)(B). Plaintiffs have made no allegation that any records were ever requested from any agency of the federal government, and none of the defendants are in any way connected with any agency of the federal government. Consequently, the Court lacks jurisdiction over the FOIA claim, and such claim must be dismissed.

The Court now turns to the Section 1983 claim. Plaintiffs' Section 1983 claim appears to rest on the allegation that all defendants, acting as state officials, deprived plaintiffs of their rights by allowing David Murray to practice law, by not promulgating sufficient disciplinary regulations, by not prosecuting David Murray soon enough to keep him from continuing his activity, and by failing to sufficiently redress plaintiffs after the fact.

■ In an action under Section 1983, a plaintiff must make out a claim that the defendant violated a right secured to him under the United States Constitution. *Siegert v. Gilley,* 500 U.S. 226, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991). In addition, a Section 1983 plaintiff must prove duty and causation. *Reid v. Kayye,* 885 F.2d 129, 131 (4th Cir.1989). Under the public duty doctrine, a general duty owed to the public will not suffice. In order to succeed in their Section 1983 claim, plaintiffs must show that they are members "of an identifiable class of persons, to whom the defendants owed a duty distinguishable from the duty they owed to the citizenry at large." *Marshall v. Winston,* 239 Va. 315, 389 S.E.2d 902 (1990). Without a special relationship between the defendants and plaintiffs, no constitutional duty can arise under Section 1983. *Id.* (citing *DeShaney v. Winnebago County Dep't of*

---

2. The Court does not discuss 42 U.S.C. § 1988 because it provides for attorneys' fees in actions under § 1983, § 1985 and § 1986 and does not, itself, provide a cause of action. Similarly, the Court will not discuss 18 U.S.C. § 1964 because it outlines the civil remedies available for RICO violations and does not proscribe any specific conduct beyond that discussed in § 1962.

*Social Serv.,* 489 U.S. 189, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989)).

■■■ Plaintiffs' claims against the Justices and the State Bar defendants relating to the regulation of the practice of law and their failure to "protect the public" can only be construed as relating to duties owed to the public at large, and are thus without merit under the public duty doctrine. Moreover, as to plaintiffs' claims that the State Bar should have disciplined Murray, plaintiffs have not alleged that a constitutional right has been violated. The right to require the State Bar to process a request for an investigation of certain lawyers is not a right guaranteed by the Federal Constitution. *Doyle v. Oklahoma Bar Assn.,* 998 F.2d 1559, 1568 (10th Cir.1993); *Saier v. State Bar of Michigan,* 293 F.2d 756 (6th Cir.1961). Even if all of plaintiffs' allegations are true, plaintiffs' Section 1983 claim fails and must be dismissed.

The Court next addresses plaintiffs' claim under 42 U.S.C. § 1985. Section 1985 protects against conspiracies to interfere with civil rights. Plaintiffs' complaint alleges that all defendants

> conspired to interfere and interrupt the complaints filed regarding the conduct of members of the Virginia State Bar. This conspiracy and interruption constitutes interference with plaintiffs [sic] relationships and an invasion of his [sic] rights and liberties by impeding the free flow of information about previous complaints, stifling any current attempt to report misconduct by a member and intentionally imposing emotional distress upon plaintiffs.

Amended Complaint ¶ 55.

An examination of the provisions of Section 1985 indicates that Section 1985(3) is the only section which plaintiffs' complaint could conceivably satisfy.[3]

> An action under section 1985(3) consists of these essential elements: (1) A conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus, to (3) deprive the

plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy.

*Buschi v. Kirven,* 775 F.2d 1240 (4th Cir. 1985) (citing *United Brotherhood of Carpenters v. Scott,* 463 U.S. 825, 828–29, 103 S.Ct. 3352, 3355–57, 77 L.Ed.2d 1049 (1983); *Griffin v. Breckenridge,* 403 U.S. 88, 102–03, 91 S.Ct. 1790, 1798–99, 29 L.Ed.2d 338 (1971)).

The Supreme Court has concluded that the statute was meant to cover private conspiracies but was not "intended to apply to all tortious, conspiratorial interferences with the rights of others." *Griffin v. Breckenridge,* 403 U.S. 88, 101, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971). The Court interpreted the second element of the 1985(3) cause of action as follows:

> The language requiring intent to deprive of *equal* protection, or *equal* privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action. The conspiracy, in other words, must aim at a deprivation of the equal enjoyment of rights secured by the law to all.

*Id.* at 102, 91 S.Ct. at 1798 (emphasis in original).

■■■ Some courts have interpreted this liberally, taking an expansive view of who can invoke the protection of Section 1985(3). *See Glasson v. City of Louisville,* 518 F.2d 899 (6th Cir.1975) (holding opponents of a political figure protected); *Keating v. Carey,* 706 F.2d 377 (2d Cir.1983) (holding Republicans protected); *Means v. Wilson,* 522 F.2d 833 (8th Cir.1975) (holding Indian supporters of a political candidate protected). The Fourth Circuit, however, has expressed approval for a much narrower reading, stating: "To meet the requirement of a class-based discriminatory animus, under this section the class must possess the 'discrete, insular and immutable characteristics comparable to those

---

**3.** Section 1985(1) concerns preventing an office of the United States from performing his duty. Section 1985(2) concerns obstructing justice in a court of the United States and intimidating a party, witness or juror.

characterizing classes such as race national origin and sex.'" *Buschi,* 775 F.2d at 1257 (quoting *Bellamy v. Mason's Stores, Inc.,* 368 F.Supp. 1025, 1028 (E.D.Va.1973)). In so stating, the court noted that the Supreme Court has twice commented that "it is a close question whether § 1985(3) was intended to reach any class-based animus other than animus against Negroes and those who championed their cause." *Buschi,* 775 F.2d at 1257 (quoting *United Brotherhood of Carpenters v. Scott,* 463 U.S. at 836, 103 S.Ct. at 3360 and citing *Griffin,* 403 U.S. at 103, 91 S.Ct. at 1798–99). Finally, the *Buschi* court concluded that "the class protected [by Section 1985] can extend no further than to those classes of persons who are, so far as the enforcement of their rights is concerned, 'in unprotected circumstances similar to those of the victims of [Ku Klux] Klan violence.'" *Buschi* 775 F.2d at 1258 (quoting *United Brotherhood of Carpenters,* 463 U.S. at 851, 103 S.Ct. at 3368).

Plaintiffs describe themselves as members of a class comprised of the following:

10.1 All persons who have filed a complaint against an attorney licensed to practice law in Virginia with the Virginia State Bar; and

10.2 All persons whose complaint was dismissed without thorough investigation and with little or no explanation by the Virginia State Bar's Grievance Department; and

10.3 All persons who have suffered damages as a result of the Virginia State Bar's failing or refusing to discipline any one of its members for violations of the Virginia Code of Professional Responsibility; and

10.4 All persons who have suffered damages as a result of the Virginia State Bar failing or refusing to enforce standards established under the Virginia Code of Professional Responsibility, to protect the public from unethical, unscrupulous, dis-

honest members of the Virginia State Bar; and

10.5 All person [sic] who have had their license to practice law in the Commonwealth of Virginia revoked, suspended or threatened once they filed a complaint against another member of the Virginia State Bar.

Plaintiffs' Amended Complaint at 12.

Plaintiffs allege that all defendants conspired to deny them protection from the fraudulent scheme of David Murray and to deprive them of proper redress after the fraud. They do not attribute the conspiracy to any characteristic shared by all who were defrauded and are seeking relief.

Plaintiffs' allegations, even if true, simply do not fall within the purview of the statute. Plaintiffs are not members of "'a class of persons' who [do] not enjoy 'the possibility of [ ]effective state enforcement of their rights.'" *Buschi,* 775 F.2d at 1258. Accordingly, plaintiff have failed to state a claim under Section 1985, and such claim must be dismissed.[4]

Finally, the Court considers plaintiffs' civil RICO claim under 18 U.S.C. §§ 1962, 1964. Section 1962 enumerates those activities prohibited under RICO, including using income from a pattern of racketeering activity in the acquisition, establishment or operation of any enterprise which is engaged in or affects, interstate commerce, 18 U.S.C. § 1962(a), (b), conducting, through a pattern of racketeering activity, the affairs of an enterprise which is engaged in interstate commerce, 18 U.S.C. § 1962(c); and conspiring to violate RICO, 18 U.S.C. § 1962(d).

Plaintiffs' complaint does little more than simply restate, word for word, the prohibited activities in Section 1962; however, the Court need not address the sufficiency of the substantive charges against the defendants be-

---

4. Plaintiffs also raise a claim under 42 U.S.C. § 1986, which creates liability for knowing neglect or refusal to prevent a Section 1985 conspiracy. It is well settled that a claim under this section derives from a Section 1985 claim, and failure on the Section 1985 claim also defeats the Section 1986 claim. *See McCalden v. California Library Ass'n* 955 F.2d 1214 (9th Cir.1990); *Grimes v. Smith,* 776 F.2d 1359 (7th Cir.1985); *Church of Human Potential, Inc. v. Vorsky,* 636 F.Supp. 93 (D.N.J.1986); *Haverstick Enterprises, Inc.,* 803 F.Supp. 1251 (E.D.Mich.1992); *Boddie v. American Broadcasting Companies, Inc.,* 694 F.Supp. 1304 (N.D.Ohio 1988); *Thomas v. News World Communications,* 681 F.Supp. 55 (D.D.C. 1988). Accordingly, having determined that plaintiffs' Section 1985 claim fails as a matter of law, the Court concludes that the Section 1986 claim is also without merit.

cause, even if all of those charges are true, the RICO claim still fails on other grounds.

 RICO prohibits only racketeering activity involving an enterprise "engaged in, or the activities of which affect, interstate or foreign commerce." 18 U.S.C. § 1962(a), (b), (c). In this lawsuit, plaintiffs attack the administration of the practice of law in Virginia by two Virginia agencies. The events precipitating the suit involved a Virginia lawyer, David Murray, and his dealings with Virginia residents. Plaintiffs allege that the "enterprises" in this case are the Virginia Supreme Court and an "association in fact" which involves all defendants and consists of "attorneys and other members of the legal community that participate in identifying the requisites for who shall be entitled to a license to practice law in the Commonwealth of Virginia." There has been no allegation that any portion of the alleged enterprises' activities ever extended beyond the boundaries of the Commonwealth. Accordingly, plaintiffs' RICO claim must be dismissed for failure to state a claim upon which relief may be granted.

To summarize, the Court lacks jurisdiction over plaintiffs' FOIA claim, and such claim should be dismissed for lack of subject matter jurisdiction. As to all other claims, plaintiffs have failed to make out a claim under each of the alleged causes of action. Thus, defendants' motion to dismiss should be granted and all remaining claims must be dismissed.

An appropriate Order shall issue.

### ORDER

For the reasons stated in the Memorandum of the Court this day filed and deeming it just and proper so to do, it is ADJUDGED AND ORDERED as follows: Plaintiffs' claim of violation of the Freedom of Information Act be and the same is hereby DISMISSED for lack of subject matter jurisdiction.

Defendants' motion to dismiss be and the same is hereby GRANTED as to all remaining claims, and all defendants stand dismissed with their taxable costs.

Each of the plaintiffs is advised of their absolute right of appeal from the judgment of this Court to the United States Court of Appeals for the Fourth Circuit. In order to perfect that appeal, they must notify the Clerk of the Court within thirty (30) days of this date of any intention to appeal. Failure to do so may result in their losing their right of appeal.

Let the Clerk send copies of the Memorandum and this Order to all counsel of record and to any unrepresented party.