# James C. Burdette

## v.

# Arty Marks, Deputy Sheriff

Record No. 911901

September 18, 1992

Present: All the Justices

*Ivy P. Blue, Jr.,* for appellant.
*Archer L. Yeatts, III (Fred R. Kozak; Maloney, Yeatts & Barr*, on brief), for appellee.

JUSTICE STEPHENSON delivered the opinion of the Court.

The sole issue in this appeal is whether the plaintiff alleged sufficient facts in his motion for judgment to establish that the defendant owed a legal duty to the plaintiff to protect him from the acts of a third party.

The only facts to be considered are those set forth in the plaintiff's motion for judgment. On June 7, 1990, the plaintiff, James C. Burdette, came upon the scene of a two-car accident in Westmoreland County. After Burdette stopped to render assistance, he observed an altercation between the operator of one of the automobiles involved in the accident, Gary D. Hungerford, and the occupants of the other automobile. Burdette saw Hungerford strike one of the occupants of the other vehicle, ''both with his open hand and with his fist, knocking her to the ground.'' The woman appeared to be ''seriously injured.''

When Burdette undertook to assist the woman, Hungerford attacked Burdette and began beating Burdette with his fists. Hungerford then obtained a shovel and beat Burdette's head and other parts of his body with the shovel, causing visible injuries (the first attack).

Burdette escaped from Hungerford and, because he was concerned about the safety of his three-year-old son, went to his vehicle in order to move his son to a safer place. While Burdette was carrying his son, Hungerford again attacked Burdette, striking him with an iron pipe or some similar weapon, ''causing additional injuries to

[Burdette] and endangering his three year old son'' (the second attack).

During the first attack, the defendant, Arty Marks, Deputy Sheriff of Westmoreland County, arrived upon the scene. Marks was on duty and in uniform at the time. Marks observed part of the first attack and all of the second attack.

Marks was personally acquainted with Burdette and knew that Burdette ''was a law abiding resident of Westmoreland County [and] not disposed to violence.'' Marks also was acquainted with Hungerford and knew that Hungerford ''was a frequent law violator . . . with certain suspended sentences.'' Marks ''knew that [Hungerford] had appeared as a witness . . . in a murder prosecution'' and, therefore, ''was reluctant to arrest [Hungerford] because such action might result in major legal problems for [Hungerford].''

Marks also knew that Burdette ''was in distress'' and ''could see that [Burdette] was being seriously injured.'' Nevertheless, Marks did not render assistance to Burdette, even after Burdette requested his help.

Burdette alleged that, in ''failing and refusing to perform his sworn duty and [in] failing to take charge of [Hungerford] under the circumstances,'' Marks was grossly negligent. Burdette further alleged that such negligence was a proximate cause of his injuries.

Marks demurred to Burdette's motion for judgment on the grounds that Burdette ''failed to state a cause of action against Marks in that [Burdette's] allegations . . . do not create in law a special relation between Marks and . . . Hungerford which imposes a duty upon Marks to control the conduct of Hungerford or create in law a special relation between Marks and [Burdette] which gives to [Burdette] a right to protection.'' The trial court sustained Marks' demurrer, dismissed Burdette's action, and entered judgment in favor of Marks.[1] This appeal ensued.

To constitute actionable negligence, a legal duty must exist, and there must be a violation of that duty with resulting damage. *Marshall* v. *Winston*, 239 Va. 315, 318, 389 S.E.2d 902, 904 (1990); *Fox* v. *Custis*, 236 Va. 69, 73-74, 372 S.E.2d 373, 375 (1988). Generally, a person has no duty to control the conduct of third persons in order to prevent physical harm to another. *Marshall*, 239 Va. at 318, 389 S.E.2d at 904. This is particularly so when the third person

---

[1] The trial court also ruled that ''to the extent that . . . [Burdette] allege[d] simple negligence, [Marks'] plea of governmental immunity is sustained.'' This ruling is not challenged in this appeal.

commits acts of assaultive criminal behavior because such acts cannot reasonably be foreseen. *Id.* However, the general rule does not apply when a special relation exists (1) between the defendant and the third person which imposes a duty upon the defendant to control the third person's conduct, or (2) between the defendant and the plaintiff which gives a right to protection to the plaintiff. *Id.*; *accord Dudley* v. *Offender Aid and Restoration*, 241 Va. 270, 276, 401 S.E.2d 878, 881 (1991); *Fox*, 236 Va. at 74, 372 S.E.2d at 375; *Klingbeil Management Group Co.* v. *Vito*, 233 Va. 445, 447-48, 357 S.E.2d 200, 201 (1987).

When a negligence claim is made against a public official, a distinction must be drawn between the official's public duty owed to the citizenry at large and the official's special duty owed to a specific, identifiable person or class of persons. *Marshall*, 239 Va. at 319, 389 S.E.2d at 905. A public official cannot be held civilly liable for violating a duty owed to the public at large because it is not in society's best interest to subject public officials to potential liability for every action undertaken. *Id.* Therefore, only a violation of a special duty owed to a specific, identifiable person or class of persons will give rise to civil liability of a public official. *Id.*

To state a viable claim of Marks' liability in the present case, a special relation must be shown to have existed between Marks and Burdette which gave rise to a special duty on the part of Marks to protect Burdette.[2] In determining whether such a special relation existed, it is important to consider whether Marks reasonably could have foreseen that he would be expected to take affirmative action to protect Burdette from harm.

Marks was present when Burdette was under attack by Hungerford. Marks, a uniformed officer, was on duty as a deputy sheriff at the time. Therefore, it reasonably could be inferred that Marks was armed and possessed the capabilities for subduing Hungerford without being subjected to undue danger. Marks knew or should have known that Burdette was in great danger of serious bodily injury or death. Indeed, Burdette even asked Marks for protection from Hungerford.

We think that, based upon the particular facts alleged, a special relation existed between Marks and Burdette which imposed a duty upon Marks to render assistance to Burdette. Therefore, the

---

[2] The exception dealing with a special relation between the defendant and the third party is not applicable because the defendant was not charged with the custody or control of the third party. *See, e.g., Dudley*, 241 Va. at 275-76, 401 S.E.2d at 881-82.

present case falls within one of the exceptions to the general rule. Consequently, we hold that, under the facts alleged, Marks owed a legal duty to protect Burdette from Hungeford's attack. Thus, the trial court erred in sustaining Marks' demurrer and in dismissing this action.

Accordingly, we will reverse the trial court's judgment and remand the case for further proceedings consistent with the views expressed in this opinion.

*Reversed and remanded.*