# CIRCUIT COURT OF THE CITY OF PETERSBURG

Geraldine V. Hawkins

v.

Pinkerton's, Inc., et al.

May 27, 1997

Case No. CL-96-286

By Judge Donald W. Lemons

The matters before the court are the demurrers of the defendants and the Special Plea of Sovereign Immunity in the case of Geraldine V. Hawkins v. Pinkerton's, Inc., et al., Petersburg Circuit Court Law No. CL-96-286.

## Sovereign Immunity

The defendant employees and agents of Southside Regional Medical Center (SRMC) who claim sovereign immunity are only entitled to immunity if they meet the four-prong test articulated by the Supreme Court of Virginia in *James v. Jane*, 221 Va. 43, 53, 282 S.E.2d 864, 869 (1980). The Court cannot make a determination under this test at this stage of the proceedings.

## Premises Liability

A duty to keep particular premises reasonably safe for licensees or invitees flows from a possessory interest in the property. "[I]n Virginia the doctrine

prevails that an *owner or occupant* of land who holds out an invitation to others to come upon his premises must exercise due care in keeping and maintaining his premises in a reasonably safe condition." *Turner v. Carneal*, 156 Va. 889, 894, 159 S.E. 72, 73 (1931) (emphasis added). *See also Restatement (Second) of Torts* § 343 ("A *possessor* of land is subject to liability for physical harm caused to his invitees by a condition on the land ....") (emphasis added). Additionally, an employee without a possessory interest may nonetheless be liable for damages to an invitee if their misfeasance creates the dangerous condition. *See Turner* at 894-95. Mere assumption of management responsibilities does not shift the responsibility for maintaining safe premises. *See Love v. Schmidt*, 239 Va. 357, 360-61, 389 S.E.2d 707, 709 (1990) (property owner could not shift responsibility for condition of premises to maintenance company); *Virginia State Fair Ass'n v. Burton*, 182 Va. 365, 370, 28 S.E.2d 716, 718-19 (1944) (race track owner's obligation to maintain reasonably safe premises "continued despite the fact that [it] had employed an independent contractor to produce the races").

Clearly, the Hospital Authority has such possessory interest; however, no such possessory interest is alleged and no affirmative acts creating the danger are alleged by the plaintiffs with respect to Quorum, Mizelle, Ross, Anderson, Whittingham, Ball, Tucker, or Brumfield. Plaintiff has not alleged a separate count of negligence based on premises liability. To the extent that the negligence alleged is based on this theory, the demurrer is sustained.

### Duty to Control

"Generally, a person has no duty to control the conduct of third persons in order to prevent physical harm to another." *Burdette v. Marks*, 244 Va. 309, 311, 421 S.E.2d 419, 420 (1992). Such a duty only arises when "a special relationship exists (1) between the defendant and the third person which imposes a duty upon the defendant to control the third person's conduct, or (2) between the defendant and the plaintiff which gives a right of protection to the plaintiff." *Id.* at 312, 421 S.E.2d at 420.

The Virginia Supreme Court has ruled that such a special relationship between the defendant and a third person, and the attendant duty, arises only when a defendant has "taken charge of" a third person within the meaning of that phrase as set forth in the Restatement (Second) of Torts § 319. *See Nassar v. Parker*, 249 Va. 172, 179-80, 455 S.E.2d 502, 505 (1995).

One who takes charge of a third person whom he knows or should know to be likely to cause bodily harm to others if not controlled is

under a duty to exercise reasonable care to control the third person to prevent him from doing such harm.

*Restatement (Second) of Torts* § 319.

*Nassar* rejected the premise that either a physician-patient relationship or a hospital-patient relationship, standing alone, is sufficient to create a duty to control third parties:

> Within the context of the Restatement, there is nothing special about the ordinary doctor-patient relationship or hospital-patient relationship. We think there must be added to those ordinary relationships the factor, required by § 319, *of taking charge* of the patient, meaning that a doctor or hospital must be vested with a higher degree of control over the patient than exists in an ordinary doctor-patient relationship before a duty arises concerning the patient's conduct.

*Nassar* at 180, 455 S.E.2d at 506 (emphasis added).

When Matthews was placed in restraints, the individuals who participated in that action "took charge" of her, outside of the "ordinary doctor-patient relationship." Therefore, the Demurrer is overruled.

## Practice of Medicine

The plaintiff is entitled to prove the contents of the motion for judgment. Accordingly, the demurrer that claims that allegations constitute the practice of medicine, something permitted only to properly licensed individuals under Virginia Code § 54.1-2902, is overruled. Whether the allegations constitute the practice of medicine will have to be established by evidence.

## Negligence Per Se: *Building and Fire Codes*

Pursuant to Virginia Code § 36-99, the Virginia Department of Housing and Community Development has adopted regulations to be complied with in the construction of buildings, structures, and service equipment therein. These regulations control all matters concerning the construction, alteration, addition, repair, removal, demolition, use, location, and occupancy and maintenance of all buildings. Virginia Uniform Statewide Building Code, § 100.1. Those who perform the work relating to the construction, alteration, addition, repair, removal, or maintenance on a building must obey the Building Code. Building

Code § 104.1 assigns responsibility for building maintenance on the owner or his designated agent. Similarly, the Virginia Statewide Fire Prevention Code § F-106.2 places responsibility on the owner for the safe and proper maintenance of the building.

> [T]he violation of the Building Code, like the violation of any statute enacted to protect health, safety, and welfare, is negligence *per se*. *See, e.g.*, *VEPCO v. Savoy Const. Co.*, 224 Va. 36, 45, 294 S.E.2d 811, 817 (1982).

*MacCoy v. Colony House Builders, Inc.*, 239 Va. 64 at 69, 387 S.E.2d 760 at 763 (1990).

Plaintiffs are entitled to prove the contents of the Motion for Judgment. The allegations are sufficient to withstand a demurrer that Quorum, as SRMC's agent, violated applicable building codes. Therefore, the demurrer is overruled.

### Negligence Per Se: *Private Rules*

There is no cause of action based on private rules; however, these rules may be evidence as to the appropriate standard of care to be provided by the defendants. *See Virginia Ry. & Power Co. v. Godsey*, 117 Va. 167, 83 S.E. 1072 (1915); *Pullen v. Nickens*, 226 Va. 342, 310 S.E.2d 452 (1983). The Court reads the Motion for Judgment such that the private rules cited by the plaintiffs do not constitute a separate cause of action, but rather offer a factual basis for claims of ordinary and gross negligence. Accordingly, the demurrer is overruled.

### Gross Negligence

The Demurrer based on insufficient allegations of gross negligence is overruled.

### Punitive Damages

The Demurrer based on insufficient allegations to support a claim of punitive damages is overruled.

### Conclusion

The Court's stay of discovery is lifted.