**"L.L." by Her Parent and Guardian, Jane DOE, et al., Plaintiffs,**

v.

**CHIMES DISTRICT OF COLUMBIA, INC., et al., Defendants.**

### No. CIV. A. 99–3277(JR).

United States District Court, District of Columbia.

May 17, 2001.

---

David W. Goewey, Samantha Williams, Darryl Franklin, Margaret T. Watkins, Venable, Baetjer, Howard & Civilletti, LLP, Washington, DC, Counsel for Plaintiff.

Anita Barondes, Russell H. Gore, David M. Burns, Seyfarth, Shaw, Fairweather & Geraldson, Washington, DC, Howard K. Kurman, Offit, Kurman & Alms, P.A., Owings Mills, MD, Counsel for Defendants.

Stacy M. Ludwig, Assistant U.S. Attorney, Washington, DC, Counsel for United States.

### MEMORANDUM

ROBERTSON, District Judge.

■ The United States has filed a motion [# 70] to dismiss the third-party complaint against it filed by Chimes [# 36], arguing that under Virginia law the United States had no duty to protect one Chimes employee from rape by another. Chimes opposes this motion, arguing that L.L.'s status as a business invitee of the United States created a special relationship that gave rise to a duty on the part of the United States to protect or warn her.[1] There was no such special relationship between L.L. and the United States, however, and the United States' motion must accordingly be granted.

■ "Ordinarily, the owner or possessor of land is under no duty to protect invitees from assaults by third parties while the invitee is upon the premises ... [unless] there is a special relationship between [the] possessor of land and his invitee giving rise to a duty to protect the invitee from such assaults." *Wright v. Webb*, 234 Va. 527, 362 S.E.2d 919, 920–21 (1987). Chimes submits that this is a "special relationship" case. The cases on which Chimes relies for that proposition presented distinct factual bases for finding a "special relationship." In *Delk v. Columbia/HCA Healthcare Corp.*, 259 Va. 125, 523 S.E.2d 826 (2000), the "special relationship" was between a medical facility and a patient who needed constant supervision. In *Burdette v. Marks*, 244 Va. 309, 421 S.E.2d 419, 421 (1992), the "special relationship" arose between a deputy and a passerby only upon a finding that the deputy "could have foreseen that he would be expected to take affirmative action to protect Burdette from harm." Here, the United States knew that its cleaning contractor employed persons with disabilities, but that knowledge, without more, did not give rise to a "special relationship." There

---

1. For purposes of this memorandum, all factual representations are taken from the complaint and assumed to be true. No party has suggested that it is necessary to go beyond the four corners of the complaint to resolve these questions.

was nothing in the government's contractual relationship with Chimes establishing such a relationship or casting the government in the role of caregiver or protector.

■ Nor does the record support a finding that the United States knew "that criminal assaults against persons [were] occurring, or [were] about to occur, on the premises which indicate an imminent probability of harm to [its] invitee." *Thompson v. Skate America*, 540 S.E.2d 123, 125 (Va.2001). The government apparently did eventually learn of Grant Lee's identity and criminal history, but when this information came to light Lee had worked for Chimes for almost two years without incident. The third-party complaint does not alleged that the government had knowledge of facts indicating an "imminent probability of harm" to L.L. *See Dudas v. Glenwood Golf Club*, 540 S.E.2d 129 (Va. 2001) (finding no duty where prior crimes on the premises were of the same nature as those inflicted on plaintiff but occurred over a year ago); *Yuzefovsky v. St. John's Wood Apartments*, 540 S.E.2d 134 (Va. 2001) (finding no duty where 257 crimes had been reported to the police in the last three years on the property). The facts of this case are distinguishable from those in *Skate America*, 540 S.E.2d at 127, where the finding of a duty to warn was based on the landowner's knowledge of a specific individual who had committed assaults on other invitees in the recent past.

Because the United States did not have a duty to protect L.L., Chimes' claim for contribution or indemnification must be dismissed.

An appropriate order accompanies this memorandum.

### ORDER

Upon consideration of the papers and having heard oral argument, it is this 17th day of May, 2001

ORDERED that the United States' motion to dismiss the third-party complaint [# 70] is **granted** for the reasons stated in the accompanying memorandum.