Present: All the Justices

COMMONWEALTH OF VIRGINIA, ET AL.
                    OPINION BY CHIEF JUSTICE LEROY R. HASSELL, SR.
v. Record No. 060774              January 12, 2007

KAREN BURNS, ET AL.

         FROM THE CIRCUIT COURT OF CAMPBELL COUNTY
                J. Samuel Johnston, Jr., Judge

    In this interlocutory appeal, filed pursuant to Code

§ 8.01-670.1, we consider whether plaintiff's claims for

negligence and gross negligence against an employee of the

Virginia Department of Transportation and the Commonwealth of

Virginia are barred by the public duty doctrine.

    Plaintiff, Karen C. Burns, administrator of the estate of

Dennis E. Burns, filed her motion for judgment against the

Commonwealth of Virginia, the Virginia Department of

Transportation, and William D. Wright.  Plaintiff alleged in

her motion that the defendants were guilty of simple and gross

negligence in the performance of maintenance work on a public

highway in the Commonwealth and that her husband died as a

result of their acts and omissions.

    The defendants filed a demurrer, asserting that they are

immune from the claims pursuant to the doctrine of sovereign

immunity, that the plaintiff's claims against the Commonwealth

are limited to $100,000 pursuant to the terms of the Virginia

Tort Claims Act, and that the public duty doctrine bars the claims against Wright.

The circuit court permitted Cincinnati Insurance Companies to intervene in this proceeding. The insurance company had made worker's compensation payments to the decedent's estate as required by Virginia's workers' compensation statutes, and the insurer has a lien on any wrongful death proceeds collected by the decedent's estate.

The circuit court dismissed the Virginia Department of Transportation from this proceeding. The circuit court held that the public duty doctrine did not bar the plaintiff's claims against the defendants and, therefore, denied the remaining portions of the demurrer.

We granted the litigants an interlocutory appeal limited to the issue whether the public duty doctrine bars plaintiff's claims against the defendants. In our resolution of this issue, we will rely upon the material facts and inferences from those facts set forth in plaintiff's motion for judgment. Fuste v. Riverside Healthcare Ass'n, 265 Va. 127, 130, 575 S.E.2d 858, 860 (2003); McMillion v. Dryvit Systems, Inc., 262 Va. 463, 465, 552 S.E.2d 364, 365 (2001).

On April 14, 2003, a Virginia Department of Transportation work crew was engaged in maintenance work in Campbell County on U.S. Route 460. William D. Wright, an

employee of the Virginia Department of Transportation, supervised the crew.

While performing maintenance work on Route 460, the crew created "a trench" approximately two inches below the adjacent road service. The trench was 108 feet long and "approximately three feet wide in the left portion of the right-hand westbound lane of Route 460 in an area not lighted by street lights." The crew ceased its work that evening, but did not place barricades or otherwise prevent access to that portion of the highway containing the trench. The crew failed to place lights in the area or take "reasonable and appropriate steps to warn members of the traveling public of the nature, location and existence of [the] trench [in order] to give them an opportunity to avoid encountering [the trench] while traveling on the highway."

Approximately 11:29 p.m. that evening, Dennis E. Burns operated a motorcycle on U.S. Route 460. While operating the motorcycle in the left-hand portion of the right westbound lane of the highway, he drove into the trench and lost control of the motorcycle. He died as a result of injuries he sustained.

The public duty doctrine has been described as follows:

"[I]f the duty which the official authority imposes upon an officer is a duty to the public, a failure to perform it, or an inadequate or erroneous

3

performance, must be a public, not an individual injury, and must be addressed, if at all, in some form of public prosecution. On the other hand, if the duty is a duty to the individual, then a neglect to perform it, or to perform it properly, is an individual wrong, and may support an individual action for damages."

2 Thomas M. Cooley, A Treatise on the Law of Torts or the Wrongs Which Arise Independently of Contract § 300 (D. Avery Haggard ed., 4th ed. 1932).

The Commonwealth and Wright, relying upon our decisions in Marshall v. Winston, 239 Va. 315, 389 S.E.2d 902 (1990), and Burdette v. Marks, 244 Va. 309, 421 S.E.2d 419 (1992), argue that plaintiff's claims against Wright are barred by the public duty doctrine. We disagree. This Court has only applied the public duty doctrine in cases when a public official owed a duty to control the behavior of a third party, and the third party committed acts of assaultive criminal behavior upon another.

In Marshall, we considered whether a sheriff and a jailer owed a special duty of care to protect a member of the general public from harm by a third person. Lois Marshall, administrator of her husband's estate, filed an action against the sheriff of the City of Richmond and the chief jailer of the City's jail for the wrongful death of her husband. Her husband was murdered by an inmate who was negligently released from the jail before the expiration of his sentence.

4

Rejecting the plaintiff's claims, we held that these defendants did not owe a duty to the plaintiff. Applying the public duty doctrine in Marshall, we stated:

> " '[T]here is no such thing as negligence in the abstract, or in general. . . . Negligence must be in relation to some person.' Kent v. Miller, 167 Va. 422, 425-26, 189 S.E. 332, 334 (1937); see generally Prosser and Keeton on The Law of Torts § 53 (5th ed. 1984). Thus, in negligence claims against a public official, a distinction must be drawn between a public duty owed by the official to the citizenry at large and a special duty owed to a specific identifiable person or class of persons. . . . Only a violation of the latter duty will give rise to civil liability of the official. . . . To hold a public official civilly liable for violating a duty owed to the public at large would subject the official to potential liability for every action he undertook and would not be in society's best interest."

239 Va. at 319, 389 S.E.2d at 905 (citations omitted).

We also discussed the public duty doctrine in Burdette. In that case, we considered whether a plaintiff alleged sufficient facts to establish that a deputy sheriff owed a duty to the plaintiff to protect him from the acts of a third party. James C. Burdette observed Gary D. Hungerford attack a woman and seriously injure her. When Burdette intervened to assist the woman, Hungerford attacked Burdette and began to beat him with a shovel. Eventually, Arty Marks, a deputy sheriff in Westmoreland County arrived upon the scene, and even though he witnessed the attacks, he failed to intervene

5

to protect Burdette from Hungerford's attack.  244 Va. at 310-11, 421 S.E.2d at 419-20.

We held in Burdette that generally a person has no duty to control the conduct of third persons in order to prevent physical harm, but that the general rule does not apply when a special relationship exists "(1) between the defendant and the third person which imposes a duty upon the defendant to control the third person's conduct, or (2) between the defendant and the plaintiff which gives a right to protection to the plaintiff."  Id. at 311-12, 421 S.E.2d at 420.

In Burdette, we held that the public duty doctrine did not bar the plaintiff's claim against deputy sheriff Marks because he was on duty as a deputy sheriff at the time of the attacks, and Marks knew or should have known that the plaintiff was in great danger of serious bodily harm.  Id. at 312-13, 421 S.E.2d at 421.

We decline the defendants' invitation to extend the public duty doctrine.  We hold that the expansion of the public duty doctrine is unnecessary because Virginia's sovereign immunity doctrine provides sufficient protection to these employees in the discharge of their public duties.  See, e.g., Niese v. City of Alexandria, 264 Va. 230, 240, 564 S.E.2d 127, 133 (2002); City of Virginia Beach v. Carmichael Dev. Co., 259 Va. 493, 499, 527 S.E.2d 778, 781-82 (2000);

6

Stanfield v. Peregoy, 245 Va. 339, 429 S.E.2d 11 (1993);

Messina v. Burden, 228 Va. 301, 307-08, 321 S.E.2d 657, 660 (1984).

For the foregoing reasons, we hold that the public duty doctrine does not bar a claim of negligence or gross negligence against employees of the Virginia Department of Transportation under the facts and circumstances in this case. Accordingly, the order of the circuit court is affirmed and the case is remanded for further proceedings.

Affirmed and remanded.