# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Gilberte M. Harrington,
Administratrix
of the Estate of
Morgan Dana Harrington

v.

Regional Marketing
Concepts, Inc.,
d/b/a R.M.C. Events, Inc.

July 8, 2014

Case No. CL 12-0365

BY JUDGE JAY T. SWETT

This case arises out of the death of Morgan Dana Harrington (Ms. Harrington) who was killed sometime after attending a concert on October 17, 2009, at the John Paul Jones Arena on the grounds of the University of Virginia in Charlottesville. The plaintiff is Ms. Harrington's mother. The defendant, Regional Marketing Concepts, Inc. (RMC), was retained to provide various services during the concert at the Arena. RMC filed a Demurrer to Plaintiff's Amended Complaint. In the Demurrer, RMC contends that there are insufficient facts pleaded in the Amended Complaint to state a claim for negligence or breach of contract.

A demurrer tests the legal sufficiency of a pleading. *Welding, Inc. v. Bland Cty. Serv. Auth.*, 261 Va. 218, 226, 541 S.E.2d 909 (2001). A demurrer admits the truth of the material facts properly pleaded as well as all material facts and circumstances that may be fairly drawn and justly inferred from the facts pleaded. *Thompson v. Skate Am., Inc.*, 261 Va. 121, 128, 540 S.E.2d 123 (2001). With these principles in mind, we begin with a recitation of the material facts in the Amended Complaint. The parties agree that this Court

previously granted plaintiff leave to file her Amended Complaint although no Order is in the file. The Court will deem the Amended Compliant as properly filed.

On October 17, 2009, Ms. Harrington attended a concert at the John Paul Jones Arena at the University of Virginia in the company of several friends. At approximately 8:15 p.m. during the concert, Ms. Harrington left her seat to use a restroom. At some point between leaving her seat and arriving at the restroom, she suffered a head injury rendering her unable to take care of herself. She suffered a two to three inch cut to her chin that bled substantially. A bystander assisted Ms. Harrington in the restroom around 8:30 p.m. Ms. Harrington was not intoxicated at the time and the bystander assisting Ms. Harrington did not detect an odor of alcohol. Ms. Harrington told the bystander she did not know where she was and that she was not oriented to time and place. The bystander observed Ms. Harrington acting erratically.

Ms. Harrington left the restroom. She was later observed outside the Arena at the main entrance. She passed through the entrance with an obvious wound on her face in plain view of RMC employees. RMC employees could see Ms. Harrington was incapacitated. Ms. Harrington attempted to reenter the Arena, but RMC employees refused her request to do so. The weather was cool and a light drizzle was falling. Ms. Harrington was not dressed properly to be outside the Arena.

Some time later, Ms. Harrington was killed. The Amended Complaint does not allege when or where she was murdered, only that she was killed sometime on or after October 17, 2009.

In addition to the facts alleged regarding Ms. Harrington, the Amended Complaint alleges that there were occasions when persons were permitted to exit and reenter the Arena by RMC employees. On the same evening as Ms. Harrington attended the concert, RMC employees encountered an intoxicated police officer and the RMC employees called a taxi for the officer.

There are two counts in the Amended Complaint. The first is a claim of negligence, and the second is breach of contract.

### Negligence

The Amended Complaint contends Ms. Harrington was a business invitee of RMC. It is alleged RMC owed plaintiff's decedent a duty of ordinary and reasonable care consistent with the duties imposed by an owner or occupant of a business. The Amended Complaint contends the specific duties owed Ms. Harrington included a duty to provide aid and assistance to an invitee who has been injured and in obvious need of first aid or medical care, to provide assistance to patrons who appeared to be incapacitated, and a duty to refrain from prohibiting the reentry of Ms. Harrington into the Arena when it was obvious she was in need of medical or other assistance. The plaintiff also contends that RMC was under a duty to protect Ms. Harrington

and other concert attendees from criminal assaults by third parties and to warn concert attendees of potential assaults by third parties.

In support of its Demurrer, RMC argues that the factual allegations in the Amended Complaint, assuming they are true and can be proven, are insufficient as a matter of law to establish that RMC owed any duty to Ms. Harrington based on her status as a business invitee of RMC or based on any other special relationship between Ms. Harrington and RMC. The defendant alleges that Virginia does not recognize a duty to protect against or to warn of assaultive or criminal behavior of third parties under the facts pleaded in the Amended Complaint.

Whether a legal duty in tort exists is a question of law. *Commonwealth v. Peterson*, 286 Va. 349, 356, 749 S.E.2d 307 (2013). In her Amended Complaint, plaintiff alleges several different duties of care imposed on RMC under the facts alleged in the Amended Complaint. To rule on the Demurrer, the duties will be examined separately.

The Amended Complaint contends RMC had a duty to protect Ms. Harrington from criminal assault by a third party. The plaintiff asserts that RMC was aware of assaultive behavior that had occurred in the past in the vicinity of the Arena. She contends that Ms. Harrington was known to be at risk of being assaulted when she was not permitted to reenter the Arena. She contends that RMC employees were aware she was injured and not capable of taking care of her own safety. Plaintiff contends that RMC had a duty to warn Ms. Harrington of the potential for criminal assaultive behavior in the proximity of the Arena.

A duty to protect or to warn someone of the possible criminal acts of a third person was the subject of the recent decision by the Supreme Court of Virginia, *Commonwealth v. Peterson*, 286 Va. 349, 749 S.E.2d 307 (2013). The issue in *Peterson* was whether Virginia Tech was under a duty to warn its students that a shooting had occurred in a dormitory earlier in the morning where a student had been killed and another seriously injured and that the shooter had not been apprehended. Under the facts of the case developed at trial, the Court concluded there was no duty to warn students of the shooting or that the shooter had not been apprehended. The Court reversed a jury award in favor of the plaintiffs. The opinion reviewed Virginia law as it relates to a duty to warn or to protect another from the criminal acts of a third person.

In *Peterson*, the Court restated the general rule is that there is no duty to warn or protect another from the criminal acts of third persons primarily because such acts cannot be reasonably foreseen. *Thompson v. Skate America, Inc.*, 261 Va. 121, 128-29, 540 S.E.2d 123 (2001); *Burdette v. Marks*, 244 Va. 309, 311-12, 421 S.E.2d 419 (1992). There are exceptions to the general rule which are primarily based on the existence of a special relationship between a plaintiff and a defendant. 286 Va. at 356.

Here, plaintiff contends that her daughter was a business invitee of RMC and, therefore, there existed a special relationship between Ms. Harrington and RMC. Assuming such a relationship did exist for purposes of considering defendant's Demurrer, the question is whether there was a duty on RMC to protect Ms. Harrington against assaultive behavior or to warn her of possible assaultive behavior by third parties. As explained in *Peterson*, the scope of the duty to protect a business invitee from the criminal actions of third persons or to warn an invitee of the potential of an assault depends on the degree of the foreseeability of the harm. 286 Va. at 359-60. The first level of foreseeability of harm is where the risk of harm is known or reasonably foreseeable. *Taboada v. Daly Seven, Inc.*, 271 Va. 313, 325-26, 626 S.E.2d 428 (2006). The second level of foreseeability is an "imminent probability of harm," a heightened degree of foreseeability, where a defendant "knows that criminal assaults against persons are occurring, or are about to occur, on the premises" and which are based upon "notice of a specific danger just prior to the assault." *Peterson*, 286 Va. at 357, citing *Thompson v. Skate America, Inc.*, 261 Va. 121, 128-29, 540 S.E.2d 123 (2001).

Where the special relationship is that of business owner and business invitee, as is alleged and assumed here, a duty to warn or to protect arises only in the second situation, that is, where there is "an imminent probability of injury" from a third party criminal act. *Yuzefovsky v. St. John's Wood Apartments*, 261 Va. 97, 109, 540 S.E.2d 134 (2001). Under the facts developed at trial in *Peterson*, the Court held as a matter of law there was no duty to warn the students of a risk of harm from a shooter on the campus at Virginia Tech under either the lower standard of foreseeability or under the heightened standard of imminent probability of injury. 286 Va. at 359-60.

To support her contention that RMC had a duty to warn or protect Ms. Harrington from harm by third parties, plaintiff recites a number assaults (in excess of forty) that occurred in the vicinity of the Arena from beginning in 2005 continuing through October 17, 2009, the date Ms. Harrington was at the concert. She also contends there were three criminal charges against persons at the concert accused of swearing or public intoxication. These allegations, assuming all are true and can be proven, are not sufficient as a matter of law to create on RMC a duty to protect or to warn plaintiff's decedent that there was a risk of "an imminent probability of injury" from a third-party criminal act. *Dudas v. Glenwood Golf Club, Inc.*, 261 Va. 133, 140, 540 S.E.2d 129 (2001); *Burns v. Johnson*, 250 Va. 41, 42-45, 458 S.E.2d 448 (1995); *Yuzefovsky*, 261 Va. at 109 (2001). Accordingly, the facts contained in the Amended Complaint, even if true and can be proven, are not sufficient to establish a duty on RMC to either protect or to warn Ms. Harrington of the potential of harm from third parties.

The Amended Complaint also contends there were other duties of care required of RMC under the facts alleged. They include the duty on RMC to

provide medical assistance, first aid, or other assistance to Ms. Harrington once she was seen by RMC employees at the front entrance of the Arena with a visible serious cut on her head and acting in a manner that indicated she was unable to take care of herself. She contends this duty arose out of the business invitee relationship between Ms. Harrington and RMC or because RMC voluntarily assumed certain duties to the persons attending the concert. She further contends that, under the special facts of this case, there was a special relationship between Ms. Harrington and RMC.

The principle authority relied on by plaintiff that RMC was under a duty to provide aid or assistance to Ms. Harrington when RMC personnel knew she was injured and in need of medical care is the Restatement (Second) of Torts, Sec. 314A. This section of the Restatement addresses special relationships that give rise to a duty to provide aid or protection. Sections (1) and (2) of the Restatement address the duties on a common carrier and on an innkeeper. Although not expressly adopting Restatement 314A, Virginia law recognizes such special duties on common carriers and innkeepers. *Houston v. Strickland,* 184 Va. 994, 37 S.E.2d 64 (1946) (common carrier has duty to protect passenger from dangers incident to trave9; *Taboada v. Daly Seven,* 271 Va. 313, 626 S.E.2d 428 (2005) (duty of innkeeper to protect guest). Section (3) states that a possessor of land is under a similar duty to invitees when they enter on the land at the invitation of the landowner.

Plaintiff contends RMC undertook to provide security at the Arena and to provide a certain level of safety for the patrons at the Arena. Under the facts pleaded here, RMC employees observed Ms. Harrington with a serious head wound and acting in a manner that demonstrated she was not capable of taking care of herself. Further. Ms. Harrington was observed in this condition outside of the Arena. She sought to reenter the Arena, but RMC employees refused her request although it was obvious she was in distress.

Whether the duty to provide aid and assistance arose out of the relationship between a business invitee and owner or out of an assumed duty undertaken by RMC is to some extent based on the special facts of this case. The same is true whether there was a special relationship between the parties giving rise to a duty to provide aid or other assistance to one with a known and obvious injury or in distress. Moreover, here, the plaintiff contends that RMC affirmatively took steps to prevent Ms. Harrington to reenter the Arena when she was known to be injured and unable to take care of herself or her injuries.

RMC argues that Ms. Harrington was an invitee of The University of Virginia and not RMC. RMC argues that it was an independent co ractor and as such owed no particular duty to any of the concert guests. The facts pleaded in the Amended Complaint contend that there was a special relationship between Ms. Harrington and RMC because RMC had undertaken to provide security and provide assistance to concert attendees

including plaintiff's decedent. The question of the relationship between Ms. Harrington and RMC is a disputed factual issue and cannot be resolved on demurrer. The facts alleged in the Amended Complaint, if proven, may well give rise to certain duties of care on RMC. If the evidence establishes that RMC did not exercise its duties properly and that RMC was negligent, then it is question of fact whether such actions were or were not the proximate cause of Ms. Harrington's death.

### Breach of Contract

Plaintiff's Amended Complaint alleges the existence of a contract between RMC and Ms. Harrington based on Ms. Harrington's purchase of a ticket to the concert and a breach when RMC denied her reentry into the Arena. She also contends patrons attending the concert, including Ms. Harrington, were third-party beneficiaries to the contract between RMC and SMG. Exhibit A to the Amended Complaint is an Agreement for Personnel Services between RMC and "SMG, a Pennsylvania general partnership, John Paul Jones Arena @ UVA, Charlottesville, Virginia." RMC is referred to as "Contractor" and SMG is referred to as "Buyer." Under the contract, RMC agreed to provide personnel to SMG to perform various functions at the concert including "Security Officer[s]" as defined in the contract. Such persons were "assigned to protect and ensure safety at assigned positions." Other personnel were defined as "Venue Entry Staff" and were assigned to "staff entry/exit areas" and "monitor guest safety in front of the gate area."

In order to prevail on a breach of contract claim as a third-party beneficiary, one must plead and prove that the parties to the contract "clearly and definitely intended to confer a benefit upon [plaintiff]." *Ogunde v. Prison Health Servs.*, 274 Va. 55, 63, 645 S.E.2d 520 (2007). If Ms. Harrington was an incidental beneficiary and not the intended beneficiary of the contract, then there is no claim for breach of contract. *Kelly Health Care v. Prudential Ins. Co.*, 226 Va. 376, 380, 309 S.E.2d 305 (1983). Under the facts pleaded in the Amended Complaint, it is clear that Ms. Harrington was at best an incidental beneficiary to RMC's agreement to provide certain categories of personnel to SMG events such as the concert at the Arena.

As to the claim that the concert ticket was a contract between RMC and Ms. Harrington and that RMC breached the contract by not allowing her to reenter the Arena once she left, the facts pleaded are insufficient to establish the terms of the contract including the contractual right to reenter once she left the sena.

Accordingly, the Amended Complaint does not allege facts, which if proven, would state a claim of breach of contract.

## Conclusion

For the reasons stated, the defendant's Demurrer is sustained to the extent that plaintiff's Amended Complaint does not state a claim for negligence against RMC for its failure to warn or protect plaintiff's decedent from criminal assaultive behavior. The defendant's Demurrer is overruled as to plaintiff's claim of negligence based on RMC's failure to exercise ordinary care to provide aid or assistance to plaintiff's decedent when it was obvious to RMC employees that she was injured and incapacitated at the entrance to the Arena. The Demurrer is sustained as to plaintiff's claims of breach of contract.

RMC shall file responsive pleadings to the remaining claims in the case within twenty-one days of the receipt of this decision. As to the claims for which the demurrer is sustained, the plaintiff may file an Amended Complaint if she believes there are additional facts to support the claims dismissed on Demurrer.