PRESENT: Lemons, C.J., Goodwyn, Millette, Mims, and Powell, JJ., and Russell and Koontz, S.JJ.

DEBARA D. BROWN, EXECUTOR OF THE
ESTATE OF ARTHUR GREGORY BROWN

OPINION BY
v.     Record No. 140270            JUSTICE S. BERNARD GOODWYN
                                              February 26, 2015
SHERWIN JOHN JACOBS

FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
Jane M. Roush, Judge

In this appeal, we consider whether there is a special relationship between an attorney and a private investigator hired by that attorney to serve process, which imposes a duty upon the attorney to warn the private investigator of potential danger from criminal assault by a third party.

Background

On September 1, 2011, Debara D. Brown (Brown) filed a complaint as executor of the estate of her husband Arthur Gregory Brown (the decedent) in the Circuit Court of Rockingham County. In her complaint, Brown asserted a cause of action for wrongful death, pursuant to Code § 8.01-50, against Ali Al-Ibrahim Abid (Abid), alleging that Abid shot and killed the decedent, a private investigator, while the decedent was

attempting to serve "divorce papers" on Abid in Harrisonburg, Virginia.

Brown was granted leave to file an amended complaint that added a wrongful death claim against Sherwin John Jacobs (Jacobs), the attorney who hired the decedent to serve Abid. Brown claimed that Jacobs was negligent because he did not warn the decedent "of the danger of personally serving . . . Abid or of the danger that . . . Abid would cause [the decedent] harm or was a risk to cause him harm."

The circuit court sustained Jacobs' demurrer to the amended complaint. Brown filed a motion for reconsideration and motion for leave to amend along with her proposed second amended complaint, which proffered additional allegations in support of her claim. After considering Brown's motions and the proffered second amended complaint, the circuit court denied both motions and dismissed the case against Jacobs with prejudice. Brown appeals.[1]

---

[1] A default judgment was entered against Abid. The circuit court subsequently held an evidentiary hearing and awarded damages against Abid. Brown does not appeal that judgment.

Facts[2]

The amended complaint asserts that the decedent was a private investigator in Harrisonburg, who owned Argus Investigative Services.  Jacobs is an attorney who hired the decedent to personally serve "divorce papers" on Abid and instructed the decedent regarding where and when to serve Abid. The amended complaint also alleges that when Jacobs hired the decedent, Jacobs knew Abid owned a gun, but Jacobs did not warn the decedent that Abid had a gun or of the possibility of danger upon serving Abid.

On March 3, 2011, while the decedent was trying to serve process on Abid, Abid shot and killed him.  Three days later, police found the decedent's body in the trunk of his car in Harrisonburg.

In the proffered second amended complaint lodged with the circuit court, Brown amplified her allegations against Jacobs. In the second amended complaint, Brown asserted that Jacobs

---

[2] For purposes of evaluating a demurrer, a court assumes that all material facts, implied facts and reasonable inferences from those facts that are properly alleged in the complaint are true.  Assurance Data, Inc. v. Malyevac, 286 Va. 137, 143, 747 S.E.2d 804, 807 (2013).  However, it does not admit the correctness of conclusions of law.  See Thompson v. Skate Am., Inc., 261 Va. 121, 128, 540 S.E.2d 123, 126 (2001). Also, it is not bound by "conclusory allegations in a review of a demurrer."  Ogunde v. Prison Health Servs., Inc., 274 Va. 55, 66, 645 S.E.2d 520, 527 (2007).

represented Abid's wife, Margot Kons (Kons), in a divorce proceeding and that Jacobs knew "that Abid wished to be the dominant partner in his marriage with Kons, and that [he] was greatly upset by [her] unwillingness to be more subservient to [him]," and that Abid had "developed a relationship with another woman outside of his marriage with Kons." Brown alleged that Abid carried his gun with him everywhere and exhibited paranoid behavior. She further alleged that "Kons had informed [Jacobs] that Abid was behaving strangely." The second amended complaint alleged that "Jacobs was concerned . . . Abid would become violent." Prior to the divorce papers being served, Jacobs investigated "whether he could have Abid's gun removed" but was unable to find any authority "that would require Abid to turn over his gun."

The decedent attempted to serve process on Abid several times throughout the course of two or three weeks. Thereafter, Jacobs advised the decedent to quickly serve process on Abid however and whenever he could because Abid planned to leave the United States "very soon."

In sustaining Jacobs' demurrer and denying Brown's motion for reconsideration and motion for leave to amend, the circuit court ruled that Brown had failed to allege facts sufficient to show that there was a special relationship between Jacobs and the decedent and that "the facts alleged and the additional

4

facts proffered . . . were insufficient to establish that the alleged criminal assault upon [the] decedent by Defendant Abid [was] reasonably foreseeable by Jacobs as an imminent probability of harm."

This Court granted an appeal on the following assignments of error:

> 1. The trial court erred in sustaining the defendant's demurrer and in dismissing the action against him when the facts alleged in the [a]mended [c]omplaint were sufficient to show a special relationship between the defendant and the plaintiff's decedent giving rise to a duty to warn the decedent of the risk of an assault by a third-party.

> 2. The trial court erred in ruling that plaintiff had to allege facts establishing an "imminent probability of harm," or heightened degree of foreseeability, before it could find any duty to warn, as the facts alleged in the [a]mended [c]omplaint were adequate to establish a relationship between the decedent and the defendant creating a duty to warn of a "reasonably foreseeable" danger.

> 3. The trial court erred in sustaining the defendant's demurrer and dismissing the action against him when the facts alleged in the [a]mended [c]omplaint were sufficient to establish that the assault upon the plaintiff's decedent was reasonably foreseeable by the defendant as an imminent probability of harm.

> 4. The trial court erred in denying plaintiff's motion for reconsideration and motion for leave to amend when the allegations in the [s]econd [a]mended [c]omplaint proffered to the trial court were sufficient to state a cause of action against the defendant.

5

Analysis

Brown argues that the circuit court erred in sustaining Jacobs' demurrer because she alleged sufficient facts in the amended complaint to show that a special relationship giving rise to a duty to warn existed between the decedent and Jacobs. She claims that the decedent was an independent contractor and that this Court recognized the special relationship of employer/independent contractor as a matter of law in A.H. v. Rockingham Publishing Co., 255 Va. 216, 495 S.E.2d 482 (1998). Alternatively, Brown contends that the particular facts alleged in her amended complaint independently support the finding of a special relationship between the decedent and Jacobs. We disagree.

"The purpose of a demurrer is to determine whether a complaint states a cause of action upon which the requested relief may be granted." Assurance Data, Inc. v. Malyevac, 286 Va. 137, 143, 747 S.E.2d 804, 807 (2013). Hence, a demurrer tests the legal sufficiency of the plaintiff's claims. Thompson v. Skate Am., Inc., 261 Va. 121, 128, 540 S.E.2d 123, 126 (2001). This Court performs de novo review of a trial court's sustaining of a demurrer. Assurance Data, 286 Va. at 143, 747 S.E.2d at 808.

To plead a cause of action for negligence, a plaintiff must allege a legal duty, "a violation of that duty" and

6

"resulting damage." See Burdette v. Marks, 244 Va. 309, 311, 421 S.E.2d 419, 420 (1992). "[W]hether a legal duty in tort exists is a pure question of law to be reviewed de novo." Commonwealth v. Peterson, 286 Va. 349, 356, 749 S.E.2d 307, 311 (2013) (alteration in original) (citation and internal quotation marks omitted). In this case, Brown alleges that Jacobs had a duty to warn the decedent regarding Abid's potential criminal behavior.

Generally, "a person does not have a duty to warn or protect another from the criminal acts of a third person." Id. For a court to impose a duty to warn of third-party criminal acts on a defendant, "a special relation [must] exist[] (1) between the defendant and the third person which imposes a duty upon the defendant to control the third person's conduct, or (2) between the defendant and the plaintiff which gives a right to protection to the plaintiff." Burns v. Gagnon, 283 Va. 657, 668-69, 727 S.E.2d 634, 641-42 (2012) (citation and internal quotation marks omitted). The finding of a special relationship is a "threshold requirement." Peterson, 286 Va. at 356, 749 S.E.2d at 311. Brown claims that there was a special relationship between the decedent and Jacobs.

"The necessary special relationship may be one that has been recognized as a matter of law, . . . or it may arise from the factual circumstances of a particular case." Yuzefovsky v.

7

St. John's Wood Apts., 261 Va. 97, 107, 540 S.E.2d 134, 139 (2001); see also Thompson, 261 Va. at 129, 540 S.E.2d at 127 (citing cases in which there were de jure special relationships and de facto special relationships). Some of the special relationships recognized by this Court include common carrier/passenger; innkeeper/guest; employer/employee; business owner/invitee; and hospital/patient. Kellermann v. McDonough, 278 Va. 478, 492, 684 S.E.2d 786, 793 (2009); Delk v. Columbia/HCA Healthcare Corp., 259 Va. 125, 132, 523 S.E.2d 826, 831 (2000) (holding that a psychiatric patient pled sufficient facts to establish a special relationship between herself and a psychiatric hospital). This list of special relationships is not exhaustive, but "we have exercised caution in expanding it to include new relationships." Burns, 283 Va. at 669, 727 S.E.2d at 642.

This Court has never recognized as a special relationship that of attorney/private investigator. Moreover, an examination of our case law reveals that this Court has not categorically recognized the relationship of employer/independent contractor, as asserted by Brown. Brown bases her argument that employer/independent contractor is a recognized legal category of special relationships on this Court's decision in A.H. However, rather than recognizing a categorical special relationship between an employer and an

8

independent contractor, A.H. is a case in which our Court found that a special relationship arose from the factual circumstances of that particular case.

In A.H., this Court considered whether a newspaper publisher owed a duty to warn a thirteen-year-old newspaper carrier "of the danger of being attacked" while delivering newspapers.  255 Va. at 219-20, 495 S.E.2d at 485.  The carrier had been working for the publishing company for eighteen months when he was sexually assaulted while delivering papers on his assigned route.  Id. at 219, 495 S.E.2d at 484.  During the five years preceding A.H.'s assault, there had been "three prior sexual assaults on Rockingham carriers in various locations in the City of Harrisonburg."  Id. at 222, 495 S.E.2d at 486.  Although the newspaper publisher knew of these assaults, it did not inform A.H. or his parents.  Id. at 219, 495 S.E.2d at 486.

This Court determined that a special relationship existed between the publishing company and the carrier because the publishing company "assigned a fixed route and time for A.H. to distribute its newspapers."  Id. at 220, 495 S.E.2d at 485.  While recognizing that the minor was an independent contractor, we concluded, "Under the circumstances of this case . . . Rockingham owed the same degree of care to A.H. that it would have owed if A.H. had been employed by Rockingham."  Id.

9

(emphasis added). The Court also observed that "the plaintiff's age may have imposed a greater degree of care upon Rockingham than it would have owed an adult in the plaintiff's circumstances." Id. at 221, 495 S.E.2d at 486.

We recognized a special relationship due to the unusual nature of the employer/independent contractor relationship in A.H., which involved a minor in need of protection in a job he had been performing regularly for more than a year and a work environment under the employer's control. However, the facts of A.H. are not typical of employer/independent contractor relationships generally, and we decline to accept the doctrine that all employer/independent contractor arrangements should categorically be recognized as "special relationships" in Virginia law.

In the alternative, Brown asserts that the facts alleged in her amended complaint warrant finding a special relationship based on the unique circumstances of this case. However, unlike the thirteen-year-old newspaper carrier who had been delivering papers on a route assigned by the publishing company for more than a year, the decedent in this case was an adult who had been hired for one assignment. The employer in A.H. was required by law to restrict the times during which the carrier could deliver newspapers, whereas there is no such restriction placed on process servers. See 255 Va. at 219, 495

10

S.E.2d at 484.  Moreover, the decedent owned a private investigation business.  Although Brown alleges that Jacobs initially gave the decedent specific instructions on when and how to serve Abid, he was free to personally serve Abid in the way he saw fit.  Indeed, at the time service of process was attempted, Jacobs had instructed him to serve Abid "however and whenever" he could.  There is no reason to presume that the decedent would be less experienced in serving process and handling tense situations than an attorney.  Unlike the young newspaper carrier, the decedent did not require supervision, nor was he inherently vulnerable.  The imbalance of knowledge and exercise of control factors compelling the conclusion that a special relationship existed in A.H. are not present in the instant case.

Because Brown failed to allege facts sufficient to establish a special relationship in the amended complaint, she failed to establish the "threshold requirement" necessary to show that Jacobs had a duty to warn the decedent.  For this reason, the circuit court did not err in sustaining Jacobs' demurrer to the amended complaint.  Thus, we need not reach Brown's second and third assignments of error relating to foreseeability.  See Peterson, 286 Va. at 357, 749 S.E.2d at 311; see also Taboada v. Daly Seven, Inc., 271 Va. 313, 323, 626 S.E.2d 428, 432 (2006) ("[B]efore an exception to the

11

general rule can apply so as to impose a potential duty[,] . . . the facts must establish that there is a special relationship . . . .") (citation and internal quotation marks omitted).

Finally, Brown argues that the circuit court erred in denying her motion for reconsideration and motion for leave to amend. She maintains that she had not yet amended her claim against Jacobs. Brown claims that the allegations in her proffered second amended complaint "amplif[ied] and strengthen[ed] the allegations against Jacobs." According to Brown, allowing her to amend her amended complaint would not have prejudiced Jacobs because "there was no trial calendar" and "Jacobs had engaged in no discovery."

Jacobs replies that the circuit court did not abuse its discretion in denying Brown's motions. He points out that the circuit court granted Brown leave to file her amended complaint more than one year after she originally filed her lawsuit and after he was deposed. Jacobs further maintains that the court considered Brown's additional proffered facts before sustaining his demurrer. Finally, Jacobs contends that Brown did not assert any new legal arguments, legal theories or previously undiscovered facts which would justify the court in granting her motion for reconsideration.

12

"The decision whether to grant leave to amend a complaint rests within the sound discretion of the trial court." Kimble v. Carey, 279 Va. 652, 662, 691 S.E.2d 790, 795 (2010). Rule 1:8 states in relevant part: "No amendments shall be made to any pleading after it is filed save by leave of court. Leave to amend shall be liberally granted in furtherance of the ends of justice."

In this case, we cannot say that the circuit court abused its discretion in denying Brown leave to amend her amended complaint. The court had already given Brown leave to amend her original complaint more than one year after she initiated her lawsuit. When Brown asked for leave to amend again and to file her second amended complaint, almost two years had passed since her lawsuit had been filed.

Moreover, the circuit court considered the additional allegations in Brown's proffered second amended complaint before denying her motion for leave to amend, and it found that her allegations were "insufficient as a matter of law to establish that a special relationship existed between Jacobs and [the] decedent." We hold that the circuit court did not err in doing so.

## Conclusion

We hold that the circuit court did not err in sustaining Jacobs' demurrer to Brown's amended complaint because Brown

13

failed to allege facts sufficient to establish that a special relationship existed between Jacobs and the decedent.  We also hold that the court did not abuse its discretion in denying Brown's motion for leave to amend her amended complaint, and it did not err in denying Brown's motion for reconsideration. Accordingly, we will affirm the judgment of the circuit court.

<u>Affirmed.</u>