## CIRCUIT COURT OF THE CITY OF RICHMOND

Jack Harris

   v.

Morrison, Inc., and
Royce K. Barton, Jr.

December 22, 1993

Case No. LU-4504

BY JUDGE T. J. MARKOW

This matter is before the court for argument on demurrer. This case arises out of an alleged slip and fall accident which occurred on July 10, 1992, in Morrison's Cafeteria in Chesterfield County, Virginia. The plaintiff named two defendants: Morrison, Inc., and Royce K. Barton, Jr., the manager of the cafeteria, who was acting within the course and scope of his employment with Morrison's Cafeteria at the time of the subject accident. Plaintiff does not allege that Mr. Barton committed any affirmative act of negligence. Rather, plaintiff has simply pleaded that Mr. Barton's negligence consists of a general failure to properly operate and maintain the restaurant. The demurrer asserts that the plaintiff has not pleaded nor can he plead that the defendant Barton owes any individual duty to the plaintiff and thus cannot be liable for any damages caused to the plaintiff.

It is well settled that if an employee of a corporation through his or her fault injures a party to whom he or she owes a personal duty, the employee is liable personally to the injured third person. The dispositive issue is whether defendant Barton owed a personal duty toward the injured plaintiff, breach of which specifically caused the plaintiff's damages. In cases involving tort liability of an employee to a third person, Virginia's Supreme Court has resolved the question of whether the employee owes a duty to the third person by denominating the employee's alleged act as one of misfeasance or nonfeasance. An employee may be liable for his own misfeasance (i.e., performance of an

affirmative act done improperly), but not for his own nonfeasance (i.e., omission to do some act which ought to be performed). *Compare, Miller v. Quarles*, 242 Va. 343, 410 S.E.2d 639 (1991) (in action against employee of loan broker to recover for negligently procuring loan, employee has tort liability for injuries to third person resulting from misfeasance while acting within scope of employment) *with Turner v. Carneal*, 156 Va. 889, 159 S.E. 72 (1931) (in action by prospective tenant against rental agent for damages, plaintiff must show some positive act of negligence on the part of rental agent).

In the instant case, Mr. Barton was simply the manager of the cafeteria. There are no allegations that Mr. Barton personally caused the accident or committed any affirmative act which contributed to the accident. Rather, plaintiff has merely alleged acts of nonfeasance on the part of Mr. Barton. Because personal liability cannot be imposed on Mr. Barton merely because of his general administrative responsibility for the operation and maintenance of the cafeteria or the failure to properly perform such duties, there is no possibility that the plaintiff can recover from Mr. Barton under the facts as pleaded. Accordingly, Count I of the Motion for Judgment fails to state facts upon which Mr. Barton owed any duty to plaintiff, the breach of which specifically caused plaintiff's injuries.

For the foregoing reasons, the demurrer to Count I of the Motion for Judgment is sustained without leave to amend, and Count I of the Motion for Judgment shall be, and it hereby is, dismissed with prejudice.