# CIRCUIT COURT OF THE CITY OF RICHMOND

Ja'quan Dixon, etc.

v.

South Boston Corp. et al.

November 21, 2005

Case No. LS-2524

BY JUDGE T. J. MARKOW

This matter is before the court on defendant, Homes 'N Land, Inc.'s, Demurrer and/or Motion for Summary Judgment to the Third Amended Motion for Judgment and Plaintiff's Motion to Strike Homes 'N Land, Inc.'s Amended Third-Party Motion for Judgment. The court will not restate the facts as they are well known to the parties.

Based on the facts as established by the pleadings and the evidence presented, the court finds the following with regards to the Plaintiff's Third Amended Motion for Judgment.

*I. Count I: Common Law Negligence*

The lease provides that South Boston Corporation is the "Landlord" and that Homes 'N Land is the "Realtor." Accordingly, the court finds that the principal, South Boston, was disclosed, and that Homes 'N Land properly disclosed its relationship as agent.

The court also finds that Homes 'N Land, as agent, had no common law duty to the Plaintiff. Any duty Homes 'N Land may have owed to the Plaintiff must be based solely on contract.

Additionally, the court finds that Homes 'N Land did not commit any affirmative act of negligence on which to base liability. Plaintiff has alleged numerous omissions by Homes 'N Land, but no affirmative act. "Under Virginia law, an employee of the owner or operator of the premises in an action based on standard premises liability theories may be held liable only for affirmative acts of negligence, not merely because, in the status of employee of the owner or operator, he or she is guilty of an omission." *Beaudoin v. Sites*, 886 F. Supp. 1300, 1303 (E.D. Va. 1995) (citing *Miller v. Quarles*, 24 Va. 343, 410 S.E.2d 639, 641 (1991) ("an agent has a tort liability for injuries to a third party resulting from the agent's negligent act while acting within the scope of his employment by the principal"); *Turner v. Carneal*, 156 Va. 889, 159 S.E. 72, 73 (1931) (rejecting argument that rental agents were liable for injury to prospective lessee because agents "had had the renting of the premises for a period of years" and therefore must have known of the dangerous condition; burden on plaintiffs "to show a positive act of negligence" by defendants)).

## II. Count II: Violation of Building and Housing Codes

The court finds that Part III of the Virginia Uniform Statewide Building Code and the Code of the City of Richmond, Ch. 14, Art. IV, do not apply to agents and, therefore, do not create a cause of action against Homes 'N Land. As discussed previously, South Boston Corporation was disclosed as the "owner." Any liability for violation of these building codes lies against the owner, not the agent.

## III. Count III: Violation of Va. Code § 55-248.13(A)(1)-(3)

For the same reason, the court finds that Va. Code § 55-248.13 and § 55-248.16 do not create a cause of action against Homes 'N Land. The "owner" of the property was disclosed; and therefore, the agent, Homes 'N Land is not liable.

## IV. Count IV: Failure to Abate and/or Negligent Abatement

It is undisputed that Homes 'N Land did not participate and was not responsible for lead paint abatement. As discussed above, Homes 'N Land did not perform an affirmative act, and, therefore, Homes 'N Land, as agent, cannot be found liable for failure to abate.

## V. Count V: Breach of Warranty

The court finds that the Plaintiff cannot state a claim for breach of warranty. Plaintiff alleges that Homes 'N Land warranted that the property was "lead safe"; however, the lease does not contain any such warranty. In fact, the Lease specifically warns of the possibility of lead based paint on the property. See Lease, P Special Provisions and & 21; Disclosure & Acknowledgement; Pamphlet. Furthermore, the Lease contains a provision that states, "this Lease constitutes the entire agreement among the parties, and it may not be modified or changed except by written instrument executed by Landlord, Tenant, and Realtor." Accordingly, Plaintiff's alleged "lead safe" warranty is inadmissible parol evidence.

For the foregoing reasons, Homes 'N Land's Motion for Summary Judgment is granted and the Third Amended Motion for Judgment is dismissed as to Homes 'N Land.

Based on the court's ruling regarding Homes 'N Land's Motion for Summary Judgment, it is unnecessary for the court to address the merits of Plaintiff's Motion to Strike. Homes 'N Land's Amended Third-Party Motion for Judgment is dismissed.