**Sandra C. ALLARD, Plaintiff,**

v.

**Jimmy LAROYA, et al., Defendants.**

Case No. 1:15–cv–1678

United States District Court,
E.D. Virginia,
**Alexandria Division.**

Signed February 5, 2016

Jon F. Mains, Jon F. Mains & Associates LLC, Fairfax, VA, for Plaintiff.

John Mark Murdock, Benton Potter & Murdock PC, Falls Church, VA, for Defendants.

## *ORDER*

T.S. Ellis, III, United States District Judge

This matter came before the court on plaintiff's motion to remand this case to state court. The dispute arises from plaintiffs allegations that, while shopping at defendants' store, defendants' negligence caused merchandise to fall from a shelf, causing plaintiff harm. Plaintiff originally filed a complaint in state court, and defendant removed the matter to federal court on the basis of diversity jurisdiction and fraudulent joinder. Thereafter, plaintiff filed a motion to remand the case to state court.

### I.

Plaintiff Sandra Allard is a Virginia resident.

Defendant Jimmy Laroya is a Virginia resident. Defendant Wal–Mart Stores, Inc. ("Wal–Mart") is a Delaware Corporation. The identities of the other two defendants are unknown; they are named in the Complaint as "John Doe" and "John Doe II."

Plaintiff alleges that on November 23, 2011, while shopping at a Wal–Mart Store in Fairfax, Virginia, she was struck by merchandise on her head and shoulders. Plaintiff alleges that the merchandise fell onto her head and shoulders because one of three Wal–Mart employees "negligently mishandled the merchandise they were stacking or negligently supervised the handling of the merchandise by their fellow

employees." Compl. ¶ 7. Plaintiff identifies defendant Laroya, defendant John Doe, and defendant John Doe II as "acting as employees of Wal–Mart within the scope of their duties as Wal–Mart employees." Compl. ¶ 8.

On January 20, 2015, plaintiff filed the Complaint in the Circuit Court of Fairfax County, Virginia. On December 22, 2015, defendants removed this matter to federal court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1441(b). Shortly thereafter, on December 28, 2015, defendants filed an answer. On January 6, 2016, plaintiff filed a motion to remand the case to state court.

It is undisputed that complete diversity exists between plaintiff and defendant Wal–Mart. Importantly, however, both plaintiff and defendant Laroya are citizens of Virginia, and hence they are not diverse. Nonetheless, defendants contend that removal is appropriate because defendant Laroya was fraudulently joined in this litigation.

### II.

The fraudulent joinder doctrine permits a federal court to "disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Mayes v. Rapoport,* 198 F.3d 457, 461 (4th Cir.1991). As the Fourth Circuit has made clear, a defendant alleging fraudulent joinder must make one of two showings: (i) "[t]hat there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court";[1] or (ii)

---

1. In this regard, as one district court has

aptly noted, "[t]he term 'fraudulent joinder'

"[t]hat there has been outright fraud in the plaintiff's pleading of jurisdictional facts." *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir.1993). Here, the second prong is not relevant, as defendant does not contend that there has been outright fraud. The dispute focuses on the first prong. In this regard, the Fourth Circuit has elucidated that "[t]he party alleging fraudulent joinder bears a heavy burden," as it must show that there is "no possibility" that the plaintiff would be able to "establish a claim even after resolving all issues of law and fact in the plaintiff's favor." *Hartley v. CSX Trans. Inc.*, 187 F.3d 422, 424 (4th Cir.1999). Indeed, as the Fourth Circuit in *Hartley* further noted, "[t]his standard is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed.R.Civ.P. 12(b)(6)." *Id.* at 424.[2] Put differently, "[o]nce the court identifies [a] glimmer of hope for the plaintiff, the jurisdictional inquiry ends." *Id* at 426.

Defendants cite *AIDS Counseling & Testing v. Grp. W. Tel. Inc.*, 903 F.2d 1000, 1003 (4th Cir.1990), for the proposition that the "no possibility" standard is to be applied reasonably, not rigidly, and that a district court should look outside the pleadings and to the entire record in order to determine whether there was fraudulent joinder insofar as the plaintiff has a "real intention to get a joint judgment." *Id.* at 1003. This is generally referred to as the "real intention" standard. Importantly, however, a close examination of *AIDS Counseling* and the Fourth Circuit's subsequent decisions concerning fraudulent joinder reveals that the "no possibility"

standard—not the "real intention" standard—is the correct standard for fraudulent joinder, and that although a district court may look beyond the pleadings in determining whether there is fraudulent joinder in certain circumstances, it is neither necessary nor appropriate to do so here.

To begin with, the facts of *AIDS Counseling* do not support defendants' contention that the "real intention" standard is the appropriate standard. There, the Fourth Circuit held that the district court had not abused its discretion in concluding that the plaintiffs had fraudulently joined an individual where, after the case had been properly removed to federal court on the basis of diversity jurisdiction, the plaintiffs attempted to amend the complaint to add a defendant who "played no part" in the facts giving rise to the dispute in order to defeat complete diversity. *See id.* at 1003. In determining whether to grant the motion to amend, the district court in *AIDS Counseling* looked outside the pleadings, and, on appeal, the Fourth Circuit held that "in order to determine whether an *attempted* joinder is fraudulent, the court is not bound by the allegations of the pleadings, but may instead consider the entire record, and determine the basis of joinder by any means available." 903 F.2d at 1004 (emphasis added). Thus, although the Fourth Circuit in *AIDS Counseling* concluded that it may sometimes be appropriate to look outside the pleadings when determining whether there is a fraudulent joinder, the Fourth Circuit reached that conclusion in the context of a plaintiff seeking to add a nondiverse defen-

is, in many ways, a misnomer, as it requires neither fraud nor joinder." *Trigo v. Travelers Commercial Ins. Co.*, No. 3:10cv28, 2010 WL 3521759, at *3 (W.D.Va. Sept. 7, 2010) (citing *Mayes*, 198 F.3d at 461 n. 8).

2. It is worth noting that at the time *Hartley* was decided, the 12(b)(6) standard had not yet been changed from possibility to plausibility. Thus, the Fourth Circuit in *Hartley* was noting that the fraudulent joinder standard is higher than the old possibility standard of 12(b)(6).

dant after a case has been removed to federal court, circumstances that are not present here.

Moreover, in the 26 years since *AIDS Counseling* was decided, the Fourth Circuit has cited *AIDS Counseling* only once in a published opinion, in a case involving a situation where, as in *AIDS Counseling*, a plaintiff attempted to join a nondiverse defendant *after* the case had been removed to federal court. *See Mayes v. Rapoport*, 198 F.3d 457, 463 (4th Cir.1999). There, the Fourth Circuit made clear that *AIDS Counseling* is not a typical fraudulent joinder case because the fraudulent joinder issue arose not on a motion to remand immediately following removal, but on a defendant's post-removal motion to amend a complaint to add a nondiverse defendant. *Id.* at 463. The Fourth Circuit noted that in such situations, "if defendants can carry the heavy burden of proving fraudulent joinder, that fact should be a factor—and perhaps a dispositive factor—that the court considers in deciding whether a plaintiff may join a nondiverse defendant." *Id.* Put differently, "the fraudulent joinder doctrine can be yet another element of the district court's flexible, broad discretionary approach to resolving a post removal question of whether a nondiverse defendant should be joined." *Id.* (internal citation and quotation marks removed). Importantly, the Fourth Circuit in *Mayes* went on to articulate the traditional, "no possibility" standard as the test for fraudulent joinder; it did not apply defendant's proposed "real intention" standard. *See id.* at 463. Moreover, in its most recent fraudulent joinder case, the Fourth Circuit made clear in an unpublished opinion that in order to establish fraudulent joinder, a defendant must show that " 'there is no possibility that the plaintiff would be able to establish a cause of action against the nondiverse defendant in a state court.' " *Boss v. Nissan N. Am.*, 228 Fed.Appx.

331, 335 (4th Cir.2007) (unpublished) (quoting *Hartley*, 187 F.3d at 424). Importantly, the Fourth Circuit in *Boss* cited *AIDS Counseling* for the proposition that "[i]n deciding whether the plaintiff has any chance of recovery against the defendant, the court 'is not bound by the allegations of the pleadings, but *may* instead 'consider the entire record.' " *Id.* (quoting *AIDS Counseling*, 903 F.2d at 1004) (emphasis added). But the Fourth Circuit did not elaborate as to when it *may* be appropriate for a district court to do so. Yet, based on a close examination of *AIDS Counseling* and *Mayes*, it is clear that those cases support the proposition that it is appropriate to consider the entire record when addressing whether a plaintiff's post-removal attempt to join a party is fraudulent, but these cases do not support the proposition that it is appropriate to look beyond the pleadings where, as here, a plaintiff named a nondiverse defendant in its initial complaint in state court. Thus, in the present case, nothing more than the pleadings need be considered to determine whether defendant Loraya was fraudulent joined.

Defendant cites *Linnin v. Michielsens*, 372 F.Supp.2d 811, 819 (E.D.Va.2005), for the proposition that a nominal, nondiverse defendant is fraudulently joined when that defendant is joined for the tactical reason to destroy diversity. Importantly, however, the district court in *Linnin* reached that conclusion only after citing the "real intention" language of *AIDS Counseling* to conclude that there is a "tension in the [fraudulent joinder] standard." *Id.* The district court then applied what appears to be a modified version of the "no possibility" standard to inquire into plaintiff's real intention for naming the defendant. *See id.* at 819–20. Ultimately, the district court held that the nominal defendant had been named for tactical reasons and that

the plaintiff's claim failed because there was no possibility that defendant was a proximate cause of plaintiff's alleged injury. *Id.* at 821. Thus, although it is unclear what standard the district court in *Linnin* ultimately applied, it is clear that the district court held that *even under the no possibility standard,* the plaintiff's claim failed. In any event, *Linnin* is inapposite to the present case because as already noted, the no possibility standard is the proper standard and proximate cause is not at issue here.

In sum, contrary to defendant's contention, a defendant "alleging fraudulent joinder" must show that there is "no possibility" that the plaintiff would be able to "establish a claim even after resolving all issues of law and fact in the plaintiff's favor." *Hartley,* 187 F.3d at 424.[3]

### III.

■ It is well-settled under Virginia law that in order to recover on a negligence claim, a plaintiff must establish: (1) that a defendant owed plaintiff a duty, (2) that defendant breached that duty, and (3) that the breach of duty proximately caused plaintiff to suffer damages. *Atrium Unit Owners Ass'n v. King,* 266 Va. 288, 293, 585 S.E.2d 545 (2003). Moreover, as the Supreme Court of Virginia has made clear, "an [employee] has tort liability for inju-

ries to a third party for injuries resulting from an [employee's] negligent act while acting within the scope of his employment by the employer." *Miller v. Quarles,* 242 Va. 343, 347–48, 410 S.E.2d 639 (1991).[4] Importantly, pursuant to Rule 3:18(b) of the Supreme Court of Virginia, a plaintiff in Virginia can plead a negligence cause of action "without specifying the particulars of the negligence." *See also Ragsdale v. Jones,* 202 Va. 278, 284, 117 S.E.2d 114 (1960) (holding that a plaintiff need not allege the particulars of a negligence claim).

■ Here, it is clear that plaintiff has stated a claim upon which she can establish defendant Loraya's liability. Specifically, plaintiff alleges two claims against defendant Loraya: (i) that while defendant Loraya was in an adjacent aisle he "negligently mishandled the merchandise," causing harm to plaintiff; and in the alternative, (ii) that defendant Loraya "negligently supervised the handling of the merchandise by [his] fellow employees," which caused harm to plaintiff. Compl. ¶ 7. In order for plaintiff to prevail on her motion to remand, she need only show that one of these claims states a viable cause of action under Virginia law. She can do just that. When drawing all inferences of fact in law in favor of plaintiff, plaintiff's claim that defendant Loraya caused her injury by

---

**3.** It is worth noting that if the "real intention" standard were the correct standard—and it is not—the implementation of that standard would not be feasible. Indeed, the difficulty in applying the "real intention" standard on a jurisdictional matter cannot be overstated. Plaintiffs often have mixed motives when naming defendants in a lawsuit, and short of employing a lie detector test, a brain scan, or something of the like, a district court is not well situated to ferret out a plaintiff's *real* intention.

**4.** *See also Butler v. Southern States Co-op, Inc.,* 270 Va. 459, 620 S.E.2d 768 (2005)

(holding that a plaintiff could proceed against an employee and an employer for the employer's wrongful touching); *Majorana v. Crown Central Petroleum,* 260 Va. 521, 539 S.E.2d 426 (2000) (holding that a plaintiff had a cause of action against an employee and an employer for the employee's unlawful touching); *Sit–Set, A.G. v. Universal Jet Exch., Inc.,* 747 F.2d 921, 929 (4th Cir.1984) ("Corporate officer may of course be liable jointly and severally with their corporations for obligations arising out of tortious conduct of the officer which subject the corporation to liability.").

negligently mishandling merchandise states a straightforward negligence claim under Virginia law. Thus, defendants have failed to establish fraudulent joinder because they have not shown that there is "no possibility" that the plaintiff would be able to "establish a claim" against defendant Loraya "after resolving all issues of law and fact in the plaintiff's favor." *Hartley*, 187 F.3d at 424. Accordingly, plaintiff's motion to remand must be granted, as there is no federal jurisdiction because the parties are not completely diverse.

In opposition to the result reached here, defendant cites a number of cases that stand for the proposition that "[u]nder Virginia law, an employee of the owner or operator of the premises in an action based on standard premises liability theories may be held liable only for affirmative acts of negligence, not merely because, in the status of employee of the owner or operator, he or she is guilty of an omission." *Cortez v. Krispy Kreme Doughnut Corp.*, No.3:15cv258, 2015 WL 5970398, at *3 (E.D.Va. Oct. 13, 2015).[5] It need not be determined whether this is a full and accurate statement of Virginia law that would apply in the present case because even assuming that defendant Loraya cannot be held liable for an omission, that would not dispose of all plaintiff's claims against defendant Loraya. Indeed, defendants seek to apply this rule of liability beyond its scope. Although the rule might bar plaintiff's claim for negligent supervision insofar as a failure to supervise is an omission, it does not bar plaintiff's claim of negligent mishandling, an affirmative negligent action.

Defendants also cite *Pham v. Bank of New York*, 856 F.Supp.2d 804 (E.D.Va. 2012), in their opposition to the result reached here. Yet, *Pham* is easily distinguishable from the present case. The district court in *Pham* held that the "plaintiffs ha[d] no reasonable possibility of recovering against" defendants because plaintiffs had failed to state all the elements of state causes of action that would allow them to recover. *Id.* at 811. Here, as already noted, plaintiff has stated a cause of action against defendant Loraya—namely, the negligent mishandling of merchandise, which caused her injury—that establishes a possibility for recovery against defendant Loraya.

Accordingly, plaintiff's motion to remand must be granted, as defendant has failed to establish fraudulent joinder, and hence there is no federal jurisdiction because the parties are not completely diverse.

## IV.

Accordingly, for good cause, and for the reasons stated here,

It is hereby **ORDERED** that plaintiff's motion to remand is **GRANTED**.

Accordingly, it is further **ORDERED** that this case is **REMANDED** to the Circuit Court of Fairfax County, Virginia.

The Clerk is directed to send a copy of this Order to all counsel of record and to place this matter among the ended causes.

---

**5.** Defendants cite a number of cases for the same proposition. *See, e.g., Berry v. SeaWorld Parks & Entm't*, No. 4:14cv152, 2015 WL 1119942, at *3 (E.D.Va. March 11, 2015); *Beaudoin v. Sites*, 886 F.Supp. 1300, 1303 (E.D.Va.1995); *Harris v. Morrison, Inc.*, 32 Va. Cir. 298, 298–99 (1993).